JAMES McCoy, garnishee, &c., appellant, v. CHESTER K. WILLIAMS, appellee.

*Appeal from Ogle.*

Under our statute, a garnishee is liable for all that may be in his hands, or owing by him to the principal debtor upon a fair settlement between them, from the service of the garnishment.

A garnishee may avail himself of any defence, that would be properly pleadable as a set-off by the laws.

If the plaintiff shall allege that the garnishee hath not disclosed the true amount of debts due from him, to the defendant, the Court shall direct without the formality of pleading, a jury to be impanneled to inquire of the true amount. If they find for the plaintiff, the Court shall give judgment for him; if for the garnishee, he shall recover his cost. On the other hand, without such allegation and issue, the answer is to be taken as true.

The plea of the Statute of Frauds is a personal privilege, like the plea of infancy, which the party may waive; but another cannot plead it for him, or compel him to plead it.

When a garnishee is once charged, either by proof, or his own admission and answer, he must show enough to discharge himself.

FOREIGN ATTACHMENT, in the Ogle Circuit Court. The suit was brought by the appellee against one David Worden as principal defendant, and the appellant and others as garnishees, and service was had on the latter on the 25th of March, 1840.

At the September term 1841, Worden made default, a jury was called, damages assessed, and a conditional judgment rendered against the garnishees.

At the March term 1842, McCoy, in obedience to a writ of *scire facias*, answered the interrogatories filed by the plaintiff, and also at subsequent terms of the Court, answered additional interrogatories, which had been filed by leave of Court.

At the July term 1844, the cause came on to be heard by the Court upon the answers of McCoy, when the Court rendered a judgment against him for the sum of $112·42, and costs of suit, with an award of execution. From that judgment, McCoy appealed to this Court.

The material parts of the several answers are embodied in the Opinion of the Court.

*O. Peters*, for the appellant:

I. The answer of the garnishee is to be taken to be true, and the facts stated are not to be controverted, even though such circumstances are disclosed as might lead to a strong presumption of fraud and covin by the defendant, and the garnishee. *Whitman* v. *Hunt*, 4 Mass. 272-3; *Chase* v. *Bradley*, 17 Maine, (5 Shepley) 93.

The answers are not to be more rigidly, or differently construed from what they would be in Chancery; and if the facts disclosed leave the matter in doubt, a judgment cannot be pronounced, charging the garnishee. *United States* v. *Longtree*, 5 Mason, 280; Cushing's Tr. Process, 96-7, §§ 231, 235.

To charge the garnishee, there must be clear and determinate evidence, free from reasonable doubt, that he has property in his hands. *Gordon* v. *Coolidge*, 1 Sumner, 537; *Harris* v. *Aiken*, 3 Pick. 4, in note; *Rich* v. *Reed*, 22 Maine, (9 Shepley,) 28.

If plaintiff is not satisfied with the answer, he must suggest falsity, and try the question by a jury. Gale's Stat. 68, § 16. By omitting to do this, he consents to take the answer to be true.

II. The garnishee has a right to set off all demands against his creditor, which he could avail himself of in any form of action, or in any mode of proceeding. *Hathaway* v. *Russell*,

16 Mass. 475; *Smith* v. *Stearns*, 19 Pick. 20; *Boston Type Foundry* v. *Mortimer*, 7 Pick. 166; Cushing's Tr. Process, 60, §§ 125, 128.

The garnishee may retain in his hands to meet, not only an actual, but a contingent liability. *Smith* v. *Stearns*, 19 Pick. 20; *Owen* v. *Estes*, 5 Mass. 329; *Curtis* v. *Norris*, 8 Pick. 279; Sergeant on Attachment, 94.

It is entirely immaterial whether the agreements between McCoy and Hitt, and others, could have been avoided or not, under our Statute of Frauds. Agreements to pay the debt of a third person are not *void*, but voidable. The Statute only debars the party from bringing an action to charge the person making such agreement. Gale's Stat. 315.

It does not lie with an attaching creditor, a stranger, to compel a garnishee to plead the Statute of Frauds, and thus compel parties to rescind a contract with which they are satisfied. *Cahill* v. *Bigelow*, 18 Pick. 369; *Swett* v. *Ordway*, 23 do. 267; *Weed* v. *Jewett*, 2 Met. 608.

III.   The answers of McCoy deny any indebtedness to Worden at the time of the service of process upon him.

IV.   Before the rendition of the judgment, the defendant, Worden, had deceased, and his estate is insolvent.   This discharges the garnishee.

It is the policy of the law, to distribute the estates of deceased persons rateably amongst the creditors.

The property remains the judgment debtor's after the attachment; the title is not changed.   If priority is given to an attaching creditor, it destroys the principle of equal or rateable distribution. *Stanwood* v. *Scovel*, 4 Pick. 422; *Patterson* v. *Patten*, 15 Mass, 473; *Bullard* v. *Dame*, 7 Pick. 238; Sergeant on Attachment, 136.   By our attachment Act (Gale's Stat. 70, § 22,) a suit by attachment is not to abate by death of the parties; but no provision is made for proceed-against the garnishee after the death of defendant.

*J. A. McDougall*, for the appellee:

I.   Notwithstanding an agreement by McCoy to pay third persons, creditors of Worden, if this agreement be executory at the time of service of the garnishee process, he may be held

as garnishee.    *Thomas* v. *Godwin*, 12 Mass. 144-5; *Sturdevant* v. *Robinson*, 18 Pick. 180.

II.    If a garnishee once admits property, or money, to have been in his hands, he will be charged unless he clearly discharges himself.    Cushing's Trustee Process, 97; *Wright* v. *Ford*, 5 N. Hamp., 178. *Scott* v. *Ray*, 18 Pick. 367; *Graves* v. *Walker*, 21 Pick. 160-2; *Shaw* v. *Bunker*, 2 Met. 376, 380.

III.    The answer of trustee will, in doubtful cases, be most strongly construed against him. *Kelley* v. *Bowman*, 12 Pick. 387; *Clark* v. *Brown*, 14 Mass. 271-2; *Seber* v *.Armstrong*, 4 Mass. 206-8.

It will be seen from the whole current of authorities, that while the language of trustee is not to be distorted from its proper signification to charge trustee, and while he may not be compelled to state specifically what is not within his knowledge; yet, when in matters that he does understand, and can answer, he answers indefinitely or evasively, or fails to render that certain which he has the power to render certain, he will be charged and no where is there any authority that militates against the second proposition.    That is ,when he concedes that he has had effects in his hands, he must clearly, certainly and sufficiently discharge himself.

Why should not the rule in this case be as strict as in pleading?    Regard the answer as a plea *confessing* and *avoiding*, he confesses the original indebtedness, then sets about discharging himself before the twenty fifth day of March, 1840. It will be immediately perceived that were the Court to apply the rules of pleading to the several items, that the allegations in the answers would not constitute a good avoidance.

The Massachusetts authorities say that the trustee may set up in his answer, whatever he could plead as set-off against the direct claim of his creditor.    I will then ask the Court to apply the same rule of pleading to the various items of the account presented by McCoy.    Each item will have to be regarded severally, and the facts stated in connection with each as an independent plea, and it will be perceived instantly that the statements do not amount to an avoidance.

In regard to the decease of Worden, the authorities are against his positions; but the question could never be raised in this way, or reached by this Court.

The Opinion of the Court was delivered by

Scates, J.* Williams sued out a foreign attachment against David Worden, and served process upon McCoy as garnishee, on the twenty fifth day of March, 1840. Judgment was rendered against Worden at the September term, 1841, for ninety five dollars and eighty cents.

Interrogatories were filed and answered, the answers excepted to, and additional interrogatories filed and answered; again excepted to, and further interrogatories filed and answered. At the July term 1844, the cause came on for hearing upon the answers. The Court found McCoy indebted to Worden in the sum of one hundred, twelve dollars and forty two cents, for which judgment was rendered, to which plaintiff objects by his assignment of errors.

The plaintiff filed and exhibited his account against Worden, as a part of his answer: The controversy arises upon eight items of this account, which charges Worden as debtor to McCoy as follows :—

"1839, Aug. Note of subscription to Seminary,      $500·00
  "      "    Paid S. M. Hitt, for Worden,        1015·00
1840, Spring, Assumed payment of note to J. Cooley  80·75
1839, Fall, Assumed amount of J. B. Crist,        235·65
1840, April, Debt of Whitner of $100, on account
        of Bond claim, which I made and have paid
        most of, and gave my note for balance,     100·00
  "    Judgment against me for $100.00 by J. W.
        Jenkins, of Worden's debt, paid,            90·00
  "    Judgment on appeal by Phelps, on Worden's
        note for $66, I have paid                   20·00
  "    Paid to B. Heisland on judgment against me
        as garnishee, all paid,                     35·00"
His whole account, including these items, was    $2512·85.

---

* Justices Browne, Caton and Thomas did not sit in this case.

By our statute, a garnishee is liable for all that may be in his hands, or owing by him to the principal debtor upon a fair settlement between them, from the service of the garnishment. Gale's Stat. 68, § 15. The garnishee may avail himself of any defence, that would be properly pleadable as a set-off by the laws. Ib. 71, § 23; *Smith* v. *Stearns*, 19 Pick. 20. If the plaintiffs shall allege that the garnishee hath not disclosed the true amount of debts due from him to the defendant, &c., the Court shall direct, without the formality of pleading, a jury to be impanneled to inquire of the true amount; if they find for the plaintiff, the Court shall give judgment for him; if for the garnishee, he shall recover his cost. Gale's Stat. 68, § 16. Without an allegation and issue, then, the answer is to be taken as true. *Chase* v. *Bradley*, 17 Maine, (5 Shepley,) 95; Cushing's Trustee Process, 96.

We come, therefore to adjust this matter as between McCoy and Worden, and upon the statements in the answer, just as we would, if Williams was not before the Court; yet, on his account, giving the statute a liberal interpretation for the detection of fraud. Gale's Stat. 71, § 27. Some of the items of McCoy's account have been ascertained and added, and some payments made on Worden's account, by him, since the service of process. But this is immaterial, if the liability existed at that time. The rights and liabilities of the parties at that time must be adjusted as they existed, by ascertaining the state of the account; and settlements and payments may be made afterwards. Three of these items are parol assumptions of Worden's debts to third persons. These might have been avoided under the Statute of Frauds by McCoy, if credit were not originally given to him, which strongly appears in relation to the *assumpsit* to Hitt, or unless further time of payment were given to the debtor, which might constitute a good, substantial consideration to support the promise. But the plea of the statute is a personal privilege, like the plea of infancy, which the party may waive. Another cannot plead it for him, nor compel him to plead it. *Cahill* v. *Bigelow*, 18 Pick. 369; *Weed* v. *Jewett*,

2 Met. 608; *Swett* v. *Ordway*, 23 Pick. 367. The promise is a good, moral consideration to support the payment.

The only question is, therefore, whether these several items were subsisting liabilities and demands between the parties, on the twenty fifth day of March, 1840, when the garnishment was made. The answer states in relation to the note for five hundred dollars, that Worden gave it in the spring of 1839, to the trustees of the Rock River Seminary as a subscription on his part, towards building the Seminary. McCoy having a contract with them to put up the building, and being entitled by his contract to advances in cash, this note was given to him by the trustees in the summer or fall of that year, as an advance of so much cash, to enable him to proceed with the work, which he afterwards performed to more than the amount. This item was most clearly a good and subsisting demand against Worden.

In relation to the item of one thousand and fifteen dollars, paid to Hitt, at Worden's request, he says that Hitt was indebted to him for work and materials, at the time he agreed to pay him so much for Worden, which was in the winter of 1839-40; that the promise was made to N. Swingley, Hitt's agent; and that he knows nothing of the consideration of the indebtedness. I can see no reason to question this item, as an existing liability, on the twenty fifth day of March, 1840, and legally subsisting, unless McCoy chose to plead the Statute.

In relation to the eighty dollars and seventy five cents paid Cooley, he says, that Cooley held a note for that amount against Worden; that in the fall of 1839, Worden requested him to pay it to Cooley, and during the same fall he promised Cooley to pay it. This liability on his promise is sufficient to entitle him to pay it.

The item of two hundred, thirty five dollars and sixty five cents paid Crist, was an assumption to Crist for Worden, before Crist delivered the goods to Worden; he assumed the liability to Crist in the fall of 1839, at Worden's request. Crist obtained a judgment against him, and he paid it in carpenter's and joiner's work in the summer of 1841. The principles I have laid down in relation to the Statute of

Frauds, and the existence of the liability at the service of process, would clearly admit this item as a good set-off against Worden, subsisting at that time.

The item of one hundred dollars paid Whitner on the Bond claim is explained thus: Worden purchased a claim of land from Bond; when he left the country, he requested McCoy to lease it out. He did so to Whitner, but Bond would not give possession, because Worden had not paid him. Whitner claimed one hundred dollars damages upon the lease of McCoy; they referred the matter to arbitrators, who awarded that McCoy should pay that amount, for which he gave his note, and has since paid most of it. The request and lease were made in the fall of 1839. He acted merely as agent for Worden in the matter, and had no interest in the claim. This is sufficient to entitle him to set it off on settlement with Worden.

In relation to the items of ninety dollars to Jenkins, and twenty dollars to Phelps, for which McCoy became bound by signing an appeal bond with Worden, and on which they have recovered judgment, &c., he states no time, as the date of the appeal bonds. The answers, in which he states these matters of discharge for so much, were filed in this cause in September, 1842, and May, 1844. If the appeal bonds had been signed before the twenty fifth day of March, 1840, I should have no hesitation in allowing him, under the provisions of the twenty third section of the attachment law, (Gale's Stat. 71,) to set off these items, and so indemnify himself against a future contingent liability, but which he will certainly incur in this case on account of the insolvency and death of Worden. But for any thing we can infer in this case, these appeal bonds may have been signed after the garnishment. This supposition receives strength from the fact that there appears to have been many suits against Worden about this time, and the further fact, that Worden was in the country on the sixth day of June, 1840, and made a partial settlement with McCoy.

The rule applicable to such a case is, that when a garnishee is once charged, either by proof or his own admission and answer, he must show enough to discharge himself.

McCoy *v.* Williams.

*Wright* v. *Ford,* 5 N. Hamp. 178; Cushing's Trustee Process, 97, § 233. Not having shown sufficient matter of discharge in relation to these items, they cannot be deducted from Worden's account, as it stood on the twenty fifth day of March, 1840. He might easily have given the dates of the appeal bonds. Not doing so, and stating no other facts, or circumstances from which it can be drawn, his discharge fails.

The payment to Wilson was on a judgment of the Circuit Court against him as garnishee of Worden. Upon this, he should state, also, the time of the judgment and the service of the garnishment.

The payment to Heisland is on the same footing in the proof and principle, as those to Jenkins and Phelps, as is also the payment to Wilson.

I have thus examined and disposed of the several items in dispute on this settlement. The whole account of McCoy amounts to the sum of two thousand, three hundred, sixty seven dollars and seventy one cents, after excluding the items paid to Jenkins, Phelps, Heisland and Wilson.

There is no proof of indebtedness by McCoy to Worden, except what is stated in McCoy's answers. He states, that Worden presented an account to him amounting in all to the sum of two thousand, four hundred, seven dollars and seventy seven cents, which he admits, except the sum of one hundred, seven dollars and seventy five cents, which he denies. The amount admitted, then, is two thousand, three hundred dollars, and two cents. Deduct this from the amount of his account allowed, leaves a balance due McCoy of sixty seven dollars and sixty nine cents. Finding the balance thus in favor of McCoy, it is unnecessary to examine the remaining question presented in this case.

We are of opinion that the judgment be reversed with costs, and that McCoy, the garnishee be discharged.*

*Judgment reversed.*

---

* After the delivery of the foregoing Opinion, a motion to remand the cause was made, for the purpose of having an opportunity to contest the truth of the answer of the garnishee, but it was denied. The Court held that the answer should have been contested in the first instance, and could not now be done.