GEORGE P. UHL, PLAINTIFF IN ERROR, v. JAMES W. ROBISON ET. AL., DEFENDANTS IN ERROR.

1. **Motion for New Trial:** ASSIGNMENT OF GROUNDS FOR. An assignment of error in a motion for a new trial in these words, " Because the court erred in excluding proper evidence from the jury, offered by the defendant, to which ruling of the court the defendant at the time excepted," is too indefinite to lay the foundation for proceedings in error.

2. **Instructions to Jury.** An instruction which leaves the jury at liberty to disregard a material fact in a case, either admitted or established by the evidence, is erroneous.

3. —— : ——. And it is error to give an instruction which implies that there is evidence from which the jury may find a fact of which there is no evidence before them.

4. —— : ——. It is not error to refuse an instruction requested, although correct as a legal proposition, if it be not applicable to the evidence on which the jury are to pass.

5. **Sale of Goods:** DELIVERY OF POSSESSION. The seller of a threshing machine resided and was in Buffalo, New York. The machine was in Nebraska, under the care and control of the purchasers, who were his general agents for the sale of such machines. *Held*, That the sale was complete as between the parties to it just as soon as the seller was notified by the purchasers of their acceptance of his offer to sell, without a formal delivery of possession. *Held further*, That the sale, being complete as to the parties to it, was conclusive as to all others, unless shown to have been fraudulent.

This case came up from Richardson county. It was an action of replevin brought by the plaintiff in error against the defendants in error, for the recovery of a threshing machine which had been purchased by Uhl at execution sale. The case came before this court at the October term, 1877, on exceptions by Robison and Maus, to the refusal of the district court to give certain instructions to the jury on the trial there. The judgment was reversed and cause remanded, the case being

reported in 6 Neb., 328. Upon the second trial below Uhl requested the court to give the following instructions to the jury:

1. The court instructs the jury on behalf of the defendant that if they believe from the evidence that the plaintiffs are the agents of James Brayley, and that the property in controversy was bid off on an execution sale on a judgment wherein James Brayley was himself the judgment creditor, and in a matter in which they were themselves agents for said James Brayley, and acting as agents at the time of such execution sale, and that the property was bid off in the name of James Brayley, that said James Brayley thereby became the owner of said property absolutely, and that the same was then subject to levy and sale upon any execution issued upon a judgment against said James Brayley.

2. The jury are further instructed that any property in the hands of a third person as bailee is under the control of the owner of the same, unless specially leased to such third person, or left or placed in the care of such third person, to abide conditions specially agreed to by the owner; and that in the event of a sale or transfer of such property it is the duty of such owner and of the purchaser to notify such third person of such sale, and to whom it was sold, and that in the absence of such notice, and without a change of possession, such sale is presumed to be fraudulent and void as to the creditors and subsequent purchasers in good faith of such original owner, and that unless the plaintiff has proven to your satisfaction that the sale as claimed by these plaintiffs from James Brayley to these plaintiffs was made in good faith and without intent to defraud the creditors of said James Brayley, and that the same was made before the levy of the execution under which the defendant claims the property, then

the jury should find for the defendant and assess his damages.

3.   The court further instructs the jury that a sale of personal property, without a delivery of the same by the seller to a purchaser, is *prima facie* fraudulent and void, and it devolves upon the party attempting to maintain such a sale to prove to the satisfaction of the jury that such sale was made in good faith; and if the purchaser fails to prove to the satisfaction of the jury that such sale was made in good faith, for a valuable consideration, and without intent to defraud the creditors of the seller, the sale will be presumed to be fraudulent and void as to the creditors of such seller, and the jury should disregard such sale.

5.   The court further instructs the jury that if they believe from the evidence that the plaintiffs were the agents of James Brayley, and that the defendant was a judgment creditor of said James Brayley, and if they further believe from the evidence and the circumstances as shown by the evidence that the sale of the property in controversy as claimed by the plaintiffs was a sham and a fraud, intended to foil and thwart the efforts of the defendant in trying to collect his judgment from said James Brayley, and that such sale as claimed by the plaintiffs was not in good faith, but that the same was only a sham and a fraud, then your verdict should be for the defendant for such damages as he has sustained by reason of taking the property under the writ of replevin in this cause.

7.   The court further instructs the jury that if they believe from the evidence that the defendant had a legal and valid judgment against James Brayley, and that the defendant obtained such judgment upon a debt due and owing to the defendant from said James Brayley for services as an attorney in the matter wherein these plaintiffs were agents for said James Brayley, and

had full knowledge of said matter, and if the jury further believe from the evidence that these plaintiffs had full knowledge of the fact that the judgment of this defendant against said James Brayley was unsatisfied and unreversed, then the court instructs the jury that these plaintiffs are chargeable with full notice that all the personal property of said James Brayley in Richardson county, Nebraska, was liable to be seized and sold upon an execution to satisfy said judgment.

8. The court further instructs the jury that they may, for the purpose of determining whether the transaction by which the plaintiffs claim to have bought the property in dispute from James Brayley was in good faith or fraudulent, take into consideration all the circumstances connected with the affair as shown by the evidence—such as that the defendant's judgment was founded upon a debt in a matter in which these plaintiffs were agents for said James Brayley, and of which they had full knowledge; the garnishee proceeding, and the actions of the garnishee in sending away the notes of said Brayley after the same had been duly garnisheed, and the subsequent proceedings therein—and compare all these transactions by which these plaintiffs claim to have bought the property in dispute from said Brayley, and if from all the circumstances the jury should believe that the transactions by which these plaintiffs claim to have bought the property in dispute were fraudulent and intended to defraud the creditors of said Brayley, then the jury should find for the defendant and assess his damages.

The court refused to give these instructions, and upon the issues presented the jury returned a verdict in favor of the plaintiffs below, upon which judgment was duly entered. Uhl took exceptions and brought the cause up by petition in error.

*George P. Uhl,* pro se, cited General Statutes, 393, sec. 11. *Whitney v. Bennette,* 3 Wisconsin, 621. *Bond v. Seymour,* 2 Pinney, 105. *Smith v. Welch,* 10 Wis., 91. *Grant v. Lewis,* 14 Wis., 487. *Mayer v. Webster,* 18 Wis., 393. *Carter v. Willard,* 19 Pick., 1. *Burge v. Cone,* 6 Allen, 412.

*E. W. Thomas* and *Clarence Gillespie,* for defendants in error.

This is the second time this case has been before this court, and the decision as reported in 6 Nebraska Reports is not only decisive, but it is exhaustive of the entire case. And the last three paragraphs on page 333 of that report cuts it clean, and leaves not a hinge or hook for this plaintiff in error to hang a legal doubt on. The instructions asked for by Robison & Maus, and given by the court, are the exact instructions substantially quoted with approbation by this court in the said review of this case in 6 Nebraska Reports, page 328, is the law in this case. Sec. 20 and 21, page 395, General Statutes of Nebraska. Hillard on Sales, pages 101 and 102. 2 Kent, 12th ed., page 492 and note.

LAKE, J.

We shall consider only those questions noticed by the plaintiff in error in his brief.

The first and second points relied on relate to the exclusion of certain evidence from the jury. Owing, however, to the fact that these matters were not properly presented to the court below in the motion for a new trial, no foundation was laid for their review here. Referring to the motion for a new trial we find the assignment to have been "Because the court erred in excluding proper evidence from the jury, offered by the defendant, to which ruling of the court the defendant at the time excepted." Such an assignment is too

indefinite to be regarded. It wholly fails to bring to the attention of the court the particular testimony referred to as having been erroneously excluded. We have ruled so frequently on this sort of assignment, and the proper practice must be so generally and well understood, that a reference to the decisions would seem to be unnecessary.

The next error assigned is on the several instructions given to the jury, numbered from one to seven inclusive. Without particularly referring to these instructions here, we will say that, after a careful examination of each of them, we fail to discover any just ground for complaint. So far as they go, they undoubtedly state the law of the case correctly.

The next assignment is, that the court refused to give certain instructions to the jury requested by the plaintiff in error. The instructions so excluded we have examined with this result. The first one totally ignores the sale of the machine by Brayley to the defendants in error, of which fact the proof was conclusive. By this instruction, had it been given, the jury would have been told, in effect, that notwithstanding such sale the machine was subject to the execution against the property of Brayley under which the plaintiff in error claimed title to it. Such being the scope of the instruction, it would have been error to have given it, and it was properly refused. An instruction which leaves the jury at liberty to disregard a material fact in a case, either admitted or established by the evidence, is erroneous. The second and third of these requests, abstractly considered, were probably correct legal propositions, but they were not applicable to the evidence before the jury, and would have had a strong tendency to mislead them. And the same is true of the fourth proposition, which was simply the *eleventh* section of the statute of frauds copied entire.

In the case of *Robison v. Uhl*, 6 Neb., 328, where the evidence in all respects was substantially the same as we have here, it was held that, in view of the situation of the parties with respect to the property sold, and the other circumstances of the case, a formal delivery of possession was unnecessary to complete the sale, and that the want of it was of no significance whatever. The record shows conclusively that Brayley, from whom Robison and Maus purchased the machine, lived in Buffalo, New York, and that the machine was here in Nebraska, under the care and control of the latter as the general agents of the former at the time the sale was made. Under these circumstances we hold that the sale was complete as between the parties to it just as soon as the seller was notified by the purchasers of their acceptance of his offer to sell. And we further hold that, being a completed sale as between the parties to it, it concluded not only them, but every other person, unless shown to have been fraudulent. *Lake v. Morris*, 30 Conn., 201.

The *fifth*, *seventh*, and *eighth* of the instructions refused were wholly unwarranted by the evidence. They imply that there was some evidence from which the jury could infer that Robison and Maus were fraudulent purchasers of the property in controversy, when in fact there was none at all. We have read the testimony carefully, and fail to discover anything to justify such an inference. These instructions, therefore, were properly refused.

The only point remaining to be noticed is the alleged error of the court in changing the *fourth* instruction requested by the plaintiff in error. We have already shown that as presented to the court this instruction was inapplicable to the facts of the case. In lieu of this request, however, the jury were charged that if they were " satisfied from the evidence that the sale

Lamb v. Stanton County.

*      *      *   was a fraudulent transaction *      *
*      *      *     and that the machine in contro-
versy was the property of James Brayley at the time
of the levy under which the defendants purchased,"
they should find in his favor.   While this instruction
as given was a correct statement of the law on the sup-
position of there being evidence from which fraud
could be inferred, yet, there being no such evidence, it
was more favorable to the plaintiff in error than he
was entitled to.   *He* had no cause to complain.

On a careful examination of the record on all the
points made by the plaintiff in error, we are satisfied
that no error was committed for which he is entitled
to a new trial.

JUDGMENT AFFIRMED.