Rickards v. Cunningham.

J. N. RICKARDS, PLAINTIFF IN ERROR, v. T. C. CUN-
NINGHAM AND OTHERS, DEFENDANTS IN ERROR.

1. **Execution**: EFFECT OF RETURN UPON LEVY WITHOUT SALE.
An execution was duly levied upon a quantity of corn. Where-
upon, without more being done, the sheriff, by direction of the
judgment creditor, returned the execution to the court whence
it issued. *Held*, that such return was an abandonment of the
levy, and that a sale of the corn by the judgment debtor subse-
quent thereto gave to the purchaser a good title as against the
judgment.

2. **Statute of Frauds**: AVAILABLE ONLY TO PARTIES OR PRIV-
IES. The defense given by the ninth section of the statute of
frauds is personal, and can not be interposed by strangers to
the agreement.

ERROR to the district court for Richardson county.
Tried below before WEAVER, J.

*C. Gillespie* and *J. E. Bush*, for plaintiff in error,
cited *Cahill v. Bigelow*, 18 Pick., 369. *Chicago Dock
Co. v. Kinzie*, 49 Ill., 289. *Robinson v. Uhl*, 6 Neb.,
328. Herman on Executions, 275, 379. *Eiseley v.
Malchow*, 9 Neb., 180. *Haskell v. Varina*, 111 Mass.,
84. *Hickok v. Coales*, 2 Wend., 419. *Knower v. Bar-
nard*, 5 Hill, 377.

*A. R. Scott* and *J. R. Wilhite*, for defendant in error,
cited Herman on Executions, sec. 184. *Herkimer Bank
v. Brown*, 6 Hill, 232. *Ludlow v. Cooper*, 4 Ohio State,
18. *Peck v. Tiffany*, 2 N. Y., 451.

LAKE, J.

On the eleventh day of June, 1877, H. B. Grable
was the owner of a quantity of corn, supposed to be
about one thousand bushels, stored in a crib on his
farm in Richardson county. On that day the defend-

ant Cunningham, as sheriff of said county, levied upon said corn by virtue of an execution from the county court upon a judgment against said Grable and in favor of the firm of Hinton, Lichty & Co. The levy being made, nothing more was done under this execution, which, on the thirteenth day of the same month, was returned by order of the plaintiffs in execution, as evidenced by this indorsement thereon, viz.: "Received this writ this twenty-sixth day of May, 1877, and I hereby certify that I did, on the eleventh day of June, 1877, by virtue of this writ, levy upon one thousand bushels of corn in the crib on the farm of H. B. Grable, defendant within named, and afterwards, on the thirteenth day of June, 1877, the plaintiff within named paid all the costs as indorsed on this writ, and ordered the same returned. Judgment not satisfied. Witness my hand this thirteenth day of June, 1877.          T. C. CUNNINGHAM, Sheriff."

On the twenty-fifth of June, 1877, the corn still being in the crib, was sold by Grable to the plaintiff in part payment of a debt owing by him to the plaintiff's wife. There is nothing in the record in any respect impeaching the entire good faith of this purchase, and we must regard it as investing the plaintiff with whatever interest in the corn it was possible for Grable to convey.

In the meantime the defendant Keim purchased the judgment, and on the twenty-fourth day of July, 1877, he procured an "order of sale" to be issued thereon, directing the sheriff to advertise and sell the corn so previously levied upon, and which had not yet been removed from the crib where it was first seized. In obedience to this "order," the sheriff re-took possession of the corn, and was proceeding with the sale, when it was replevied from him by the plaintiff in the action now under review.

This "order of sale" seems to have been issued under the mistaken notion that the corn still remained subject to the levy of June 11; in other words, that by virtue of that levy, notwithstanding the return of the execution under which it was made, the corn was *in custodia legis*, and subject to the direct order of the court in its application to the payment of the judgment. And the court below also must have proceeded on the same theory in deciding the case, for otherwise it could not have been held, under the evidence, that this "order" was authority for the sheriff to re-take and sell the property. But such is not the law. As contended by plaintiff's counsel, the return of the execution by direction of the judgment creditor was a total abandonment of the levy, and left the debtor at liberty to sell the corn to whoever would purchase it. The sole authority for the sheriff to hold the corn was the execution. The return of the execution into court was a surrender of that authority, leaving the corn as free from his control as if he had made no levy upon it; and the only way in which the corn could have been legally taken afterwards under that judgment was by the issue and levy of a new execution.

The case of *Hickok v. Coates*, 2 Wend., 419, is not unlike this one in principle. In that case it appears that the sheriff was ordered by the judgment creditor to suspend all further proceedings under the execution, after levy was made, until he gave further directions. This, it was held, had the effect to release the property from the levy. The court say: "The plaintiff in error, in consequence of the directions given by him to the defendant (the officer), lost his lien upon the property. The execution became dormant; and any other creditor would have had a right to take it, or a purchaser for a valuable consideration would acquire title to it."

The defendant's counsel in their brief urge upon our attention the ninth section of the statute of frauds as against the alleged sale of the corn by Grable to the plaintiff.    In the first place we will say that this statute has no application here.    Even were we to concede that the statute might have been available to Grable as against the plaintiff in a controversy between them as to the alleged sale—which, however, we do not—it would not follow that the defendants, who are strangers to that sale, could plead it.    As is said by the court in *Cahill v. Bigelow*, 18 Pick., 369, " The effect of the statute is, that the promisor who would otherwise be liable to such an action, may avoid it." And also in *Chicago Dock Co. v. Kinzee*, 49 Ill., 289. " This statutory defense is personal and cannot be interposed by strangers to the agreement.    Like usury, infancy, and a variety of other defenses, it can only be relied on by parties and privies."    See also *Robison et al. v. Uhl*, 6 Neb., 328.    *Uhl v. Robison et al.*, 8 Neb., 272.    *Eiseley et al. v. Malchow*, 9 Neb., 174.    *McCormick v. Drummett*, id., 384.

We are, for the reasons thus expressed, of opinion that the verdict and judgment of the district court are entirely unsupported by the evidence and law of the case, and that a new trial should be awarded.

REVERSED AND REMANDED.