BENJAMIN, PLAINTIFF IN ERROR, v. MATTLER ET AL., DEFENDANTS IN ERROR.

1. AGENT.
An agent necessarily has a principal, and is bound to know who it is.
2. BROKER, LIABILITY.
An agent is liable in damages in all cases where he falsely affirms that he has authority, as he does when he signs the instrument as agent of his principal, knowing that he has no authority. He undertakes for the truth of his representation.
3. PLEADING—STATUTE OF FRAUDS.
The statute of frauds, if relied upon in defense, must be specially pleaded.

*Error to the District Court of Arapahoe County.*

DEFENDANTS in error, John Mattler, W. L. Beardsley, William W. Watson and W. C. Mead, partners doing busi-

ness as real estate agents in the city of Denver, made the following memorandum or contract in writing, and delivered it to the plaintiff in error:

"DENVER, Colo., Oct. 23, 188 .

"Received of Darius R. Benjamin the sum of two hundred dollars as part payment for the following described real estate, to-wit: Lots one (1), and two (2) in block twenty-one (21), Hartman's Addition to the City of Denver. The entire price to be paid for said above described real estate is $3,400 (thirty-four hundred dollars), and is to be paid as follows: ⅓ cash, ⅓ in one year, and ⅛ in two years. Title to be perfect, and good and sufficient warranty deed to be executed and delivered by the said W. A. Pratt to Darius R. Benjamin, his heirs or assigns, on or before the third day of November, 1888, together with an abstract showing clear title. Provided however, that the payment of $933.33 is tendered or paid at said date. If the said payment of $933.33 is not tendered on or before the said 3d day of November, 1888, then this contract is to be void and of no effect, and both parties released from all obligations herein, and in that event, the said two hundred dollars paid on this date is to be held by W. A. Pratt as liquidated damages.

"(Signed)    JOHN MATTLER & CO.,
"Agt's for Owners."

Plaintiff tendered full performance under the contract. Defendants failed and refused to fulfill the contract; the sale was not perfected, and plaintiff brought suit for damages for nonperformance.

It appears by the complaint that, before bringing suit against the defendants, the plaintiff brought suits for specific performance, one against Nellie Carpenter and one against Eva Wiley, each of whom was the owner individually of one of the lots; in both of which plaintiff was beaten and the suits dismissed, it appearing upon the trial, conclusively, that the defendants had never been appointed the agent of either, or been given authority to sell the property. The damages claimed by plaintiff against the defendants for the breach of

the contract were costs paid in the suits against Carpenter and Wiley, $49.63, attorney's fees in prosecuting the suits, $100, recording contract, $1.00, his own loss of time and trouble in attending to the suits, $200, damages on failure to get the property, $3,000 ; total $3,350.65.    The defendants answered generally, denying the allegations of the complaint, and specially as follows :

" For a further and second defense to the cause of action in the complaint alleged, these defendants say that heretofore, to wit, on the 23d day of October, 1888, as agents, for Eva L. Wiley and Nellie P. Carpenter, the defendants entered into a contract with the plaintiff of the tenor following, to wit : "

" That at the time the defendants entered into said contract with the plaintiff they did not have, nor did they at any time have, authority in writing from the said Eva L. Wiley or Nellie P. Carpenter, or either of them, to enter into the same.

" The defendant for a third defense says that at the time they entered into the contract in the second defense set out with the plaintiff, the title to the said lots one and two in block twenty-one, Hartman's addition to the city of Denver, county of Arapahoe and state of Colorado, stood in the names of Eva L. Wiley and Nellie P. Carpenter, upon the records of said Arapahoe county, kept on file in the office of the clerk and recorder in said county for the recording of deeds to real property.    That the plaintiff had the same access to, and knowledge of the contents of such records as was possessed by the defendants.    That the said Eva. L. Wiley and Nellie P. Carpenter at the time lived in the state of Illinois.    That Dr. W. A. Pratt, of Elgin, Illinois, was and is a brother of said Eva L. Wiley and Nellie P. Carpenter.    That the said Dr. W. A. Pratt listed said property with the defendants, as real estate brokers, for sale.    That on, to wit, September 19, 1888, the said W. A. Pratt wrote to defendants that said lots one and two above described were for sale.

" That believing that the said W. A. Pratt had authority

for his two sisters, the said Eva L. Wiley and Nellie P. Carpenter, to sell the same, the defendants, without concealing their authority in the premises, in good faith entered into the contract with the plaintiff set out in the second defense, after informing him of the authority that they possessed as such agents to make such contract. That, at the time the said contract was entered into, the plaintiff possessed all the information relative to the authority of the defendants to enter into the same possessed by the defendants themselves.

" That after the making of the said contract of sale the defendants did all in their power to induce the said Eva L. Wiley and Nellie P. Carpenter to convey the said real estate therein described to the plaintiff, but their failure to so convey and so comply with the said contract was through no fault whatever of these defendants. That upon the refusal of the said Eva L. Wiley and Nellie P. Carpenter to convey the said lots in accordance with the provisions of the said contract, the defendants returned to the plaintiff the sum of two hundred dollars theretofore paid them as a part of the purchase price of said lots, together with interest thereon at the rate of ten per cent per annum during the time the same was in their hands. (There was another special defense, numbered four, which is not involved, as a demurrer was sustained to it.) To these special defenses a general demurrer was filed, in substance, that the matters stated did not constitute a defense. The demurrer was overruled as to the second and third, and sustained as to the fourth. Judgment was entered for the defendants on the pleadings and the suit dismissed.

Messrs. HOUZE & WILLSEA, for plaintiff in error.

Mr. D. V. BURNS, for defendants in error.

REED, J., delivered the opinion of the court.

The suit was brought to recover damages alleged to have

been sustained by the plaintiff by the wrongful acts of the defendants. It is in the nature of an action on the case at common law for deceit. The nature of the action is plain and unmistakable. The allegation in the complaint is, "the defendants willfully and falsely represented to the plaintiff, that they, the defendants, were the agents of the owner of the following land, * * * and that as such agents, the defendants had lawful authority to sell and make contracts of the sale of the said lots of land to the plaintiff at and for the price and on the terms following, to wit: "—That the plaintiff, relying upon such representations, purchased the lots from the defendants and made a payment of $200; and, in substance and effect, that defendants were not the agents of the owners of the property; that they had no authority whatever to contract a sale or sell the property; that the lots were not owned by the party represented by the defendants as the owner and on whose behalf they assumed to contract, but by other and different parties; their refusal and inability to comply with their contract, and a statement of damage by the plaintiff by reason of the wrongful acts of the defendants.

These allegations state a clear and unquestionable cause of action. The nature of the action appears to have been misconstrued or misunderstood, and probably quite naturally, by plaintiffs embodying in the complaint a copy of the contract in writing executed by the defendants. It seems to have been regarded as an action based upon the contract or growing out of it. On this error much of the argument of defendants is based; while, in fact, the contract in question can legally only be regarded as a part of the evidence of the plaintiff necessary to make his case. Technically, setting it out in the complaint was bad pleading.

The first defense is a general denial of all the allegations in the complaint, including the making and delivering of the instrument in writing, which certainly could not have been intended; for, in the first paragraph of the special defense following, the making of the contract is admitted, and a full copy of it incorporated.

One allegation of such paragraph should not pass unnoticed. It is said, " as agents for Eva L. Wiley and Nellie P. Carpenter, the defendants entered into a contract with the plaintiff." This contradicts the contract as set out and made a part of their answer. Instead of entering into the contract as the agents of Wiley and Carpenter as alleged, the contract shows them to have been acting as agents of one W. A. Pratt,—the language of the contract being, " *Title to be perfect and good and sufficient warranty deed to be executed and delivered by the said W. A. Pratt.*"

The special defenses (two and three) are certainly peculiar. They were demurred to because the facts stated constituted no defense. They certainly fail to traverse any allegation in the complaint or interpose any bar to recovery; they appear to be more in the nature of attempted pleas in " confession and avoidance," confessing the facts as alleged, but setting up no legal defense in avoidance.

The contract whereby they represent themselves as the agents of Pratt as owner, and as having authority from him to sell, and to bind him to a contract of sale in writing, is admitted; that he was not the owner was admitted; also, that two other individuals, in no way connected with the transaction, and from whom they had no agency or authority whatever, were the owners. These admissions establish every important allegation in the complaint, and, unless they are avoided by subsequent matter, are conclusive. What are the supposed defenses? In the second there are none at all. In the third,—first, that record title to the property was in Wiley and Carpenter as shown by the county records, to which the plaintiff had the same access as the defendants. Admit it, and how does it operate as a defense? The defendants were representing themselves as the agents for the same of that specific property for the owner or owners, claiming and exercising authority to bind the owner by an instrument in writing, in which they agree not only that the owner shall convey clear title by deed, but that they will furnish an abstract showing a clear title. As agents, they must have had a principal, an

owner of the property sold, and should have known who it was.   To say they did not know their own principal, nor in whom the title stood, and that the plaintiff could have found out by going to the records, as well as they, was no defense, and if of any legal bearing, supported the allegations of the complaint, that " they willfully and falsely represented * * * that they were the agents of the owners."   The agents were legally supposed to know—it was their duty to know.   No such duty was imposed upon the plaintiff, nor was he expected to know until the abstract, which was never furnished, should be examined.   Then follow asservations of good faith, good and honest intentions, and an earnest effort to get the owners to make the sale, and their refusal.   Admit it, and the facts stated neither traverse nor avoid any allegation in the complaint, and interpose no defense whatever,—seem to be purely exculpatory.

Counsel for defendants in an able argument contends that under the authorities no action could be maintained; but the authorities cited and relied upon do not sustain him.

In *Smout v. Ilbury*, 10 Mee. & Wels. 1, it is said by Alderson, B.: " There is no doubt of the personal liability of the agent in all cases where he falsely affirms that he has authority, as he does when he signs the instrument as agent of his principal, and knows that he has no authority; " again, " if a person represents himself as having authority to do an act when he has not, and the other side is drawn into a contract with him and the contract becomes void for want of such authority, the damage is the same to the party who confided in such representation, whether party making it acted with a knowledge of its falsity or not.   In short he undertakes for the truth of his representation; " again, " first, when he has no authority and knows it, but nevertheless makes the contract as having such authority, in that case, on the plainest principles of justice, he is liable, for he induces the other party to enter into the contract on what amounts to a misrepresentation of a·fact peculiarly within his own knowledge.

In *Hall v. Lauderdale*, 46 N. Y. 75, cited and relied upon by counsel, it is said: " The rule that the agent is liable when he acts without authority, is founded upon the supposition that there has been some wrong or omission on his part, either in misrepresenting or in affirming, or concealing the authority under which he assumes to act."

Viewed in the light of these authorities, the pleadings show a good cause of action.

It is ably urged in argument that no action could be maintained for the reason that the contract or memorandum executed by the defendants was void under the statute of frauds. It is said, " If the contract as made was not one the law would enforce against the principal, if it had been authorized by him, there is no liability on the part of the agent." There is no question in regard to the correctness of this principle in a case where the action is based upon the contract and specific performance is sought, or damage for failure to perform, but in this case it has no application. The assumed agents had no principal—no authority. The action is based upon the misrepresentations and assumption of authority to the injury of the plaintiff. The action is not based upon the contract, but upon the wrongful and false assumption of authority to make it. The action, before the code at common law, is an action for deceit—a " special action on the case."

See *Polhill v. Walter*, 3 Barn. & Ad. 114, and the nature of the action remains the same under the code, and, as said above, the contract is only evidence to establish the wrongs complained of, consequently, whether valid or void under the statute of frauds, is a question of no importance. It certainly would be competent evidence of the claim of agency and authority by the defendants, deceiving and misleading the plaintiff. Of the correctness of this conclusion I am very confident, but, if incorrect, there is another conclusive reason why the contention cannot prevail in this case. The judgment is upon the pleadings, and it is only to them that we can look to determine its correctness. The statute of frauds is not pleaded, the question is only presented in argument. If, as

supposed by counsel, the contract was the basis of the suit, and plaintiff's right to recover depended upon its validity—the contract being set out in the complaint at length and its execution being fully admitted in the answer—the statute of frauds should have been specially pleaded, if relied upon in defense.  Wood on Stat. of Frauds, § 538 ; 2 Reed Stat. of Frauds, § 520 *et seq. ; School Trustees v. Wright*, 12 Ill. 441 ; *Chicago Co. v. Liddell*, 69 Ill. 640 ; *Anter v. Miller*, 18 Iowa, 410 ; *Middlesex Co. v. Osgood*, 4 Gray (Mass.), 447.  In England, see *Cotting v. King*, L. R. 5 Ch. Div. 660.

The plea of the statute of frauds is a personal privilege. If not pleaded it will be regarded as waived.  *McCoy v. Williams*, 6 Ill. 584 ; *Chi. Dock Co. v. Kinzie*, 49 Ill. 289 ; *Rickards v. Cunningham*, 10 Neb. 417.

For these reasons we think the court erred in allowing judgment for the defendants upon the pleadings.  The demurrers to the special pleas should have been sustained. No demurrer was interposed to the complaint, consequently, no question is raised in regard to the items of damage alleged.  As defendants never claimed to represent Wiley and Carpenter or act for them in any manner, I do not see upon what theory costs, etc., of volunteer suits against them could be made the basis of an action for damages against the defendants, but, as the question is not raised, we express no conclusive opinion upon it.

The judgment will be reversed and the cause remanded.

*Reversed.*

RICHMOND, P. J., concurs.

BISSELL, J.  I assent to the reversal of the judgment.  I concur only in that part of the opinion which is based on the necessity to plead the invalidity of the contract under the statute of frauds, if the defendant would escape liability for the deceit, because he was without written authority from the principal to negotiate or effect the sale of the lots contracted about.