LILLIAN M. MAUL, APPELLEE, v. RAYMOND V. COLE ET AL., APPELLANTS.

FILED DECEMBER 4, 1913.   No. 17,392.

1. **Principal and Agent:** FRAUD OF AGENT: ACTION: DEFENSES. One who undertakes to act as agent of another for the sale or exchange of real estate cannot defend, in an action for damages caused by

his fraud in such employment, on the ground that his contract of agency was void because not in writing, as required by section 74, ch. 73, Comp. St. 1911. The fact that such contract is voidable will not protect the parties thereto in perpetrating fraud upon each other.

2. ——: ——: ——: ——. If the agent receives an offer of exchange which would be advantageous and desired by his principal, and fraudulently conceals the offer and misrepresents it to his principal as being much less favorable than it in fact was, and so prevents an exchange to the damage of his principal, and a tenant of the principal holding an outstanding lease which would prevent the exchange without the consent of the tenant has agreed orally with the principal to transfer the lease to the property taken in exchange, if such exchange can be made, the agent cannot defend against the action of this principal for damages caused by the fraud of the agent on the ground that the agreement of the tenant to make such transfer was not in writing and was therefore voidable. The fact that the agent has such influence with the tenant that he could induce the tenant to avoid his oral agreement is no defense, in the absence of any other motive on the part of the tenant than to assist the agent in perpetrating the fraud upon his principal.

APPEAL from the district court for Douglas county: ABRAHAM L. SUTTON, JUDGE. *Affirmed.*

*Brome, Ellick & Brome* and *W. C. Fraser,* for appellants.

*Hugh A. Myers* and *Charles Battelle, contra.*

SEDGWICK, J.

In June, 1911, plaintiff was the owner of lot 7, block 108, in the city of Omaha, and the McCague Investment Company proposed to exchange lot 6 therefor, its purpose being to secure the erection of a large hotel building on lots 7 and 8. The plaintiff informed the investment company that the defendant McKay was authorized to act for her in the matter, and the investment company then made a formal proposition of exchange, and offered $40,000 as a cash difference between the two lots, less a commission of $1,000. The exchange was not effected, and afterwards

the plaintiff brought this action in the district court for Douglas county, alleging in her petition that she employed the defendant McKay as her agent to attend to the business for her; that the defendants were special partners in the business; and that when the defendants received the above proposition they fraudulently concealed the same from her and represented to her that the investment company had offered $8,000 difference in the proposed exchange, and because of the fraud of defendants she lost the bargain which she might have made. The trial resulted in a verdict and judgment for plaintiff, and the defendants have appealed.

The foregoing statement of the details of the issues is sufficient for an understanding of the two grounds urged for reversal of the judgment in the brief of defendants.

1. The first contention is that, as the employment of these defendants as agents of the plaintiff was not in writing, the contract was void under section 74, ch. 73, Comp. St. 1911, and it is said: "She is suing them because she says they did not properly perform the duties of their contract of employment, and the basis of her action is, and of necessity must be, a valid contract of employment for a breach of the conditions of which she may invoke the aid of the court." We do not think that this action depends upon the validity of the contract of employment of the defendants as agents of the plaintiff. They undertook to act as her agents with her consent, and in that capacity received a proposition for her which she had a right to know and would have been to her advantage if known to her, and they fraudulently concealed it from her to her damage. The statute above cited was intended to shield landowners from fraudulent claims of commission of agents. Such contracts as the one in question, if not in writing, are voidable and cannot be enforced by either party, but the parties are not prohibited from acting upon them if they desire to do so, and if they act upon them they must act fairly. The fact that the contract is voidable will not protect the parties thereto in perpetrating fraud upon each other.

2. The Cole-McKay Company, a corporation of which these defendants were two principal officers, has a valid lease and possession of lot 7. There was evidence that the defendants, as officers of the corporation, had agreed orally that if the exchange was made the building on lot 7 should be removed to lot 6 and the corporation would accept a transfer of its lease accordingly. The remaining ground for reversal urged in defendants' brief is that the agreement to release the right of the company to use lot 7 under its lease and accept the use of lot 6 in lieu thereof was void because not in writing, and therefore the plaintiff could not comply with the proposition of the McCague Investment company, and so was not damaged by the defendants' action. It will be observed that the lease of lot 7 was owned by the corporation, and while these defendants were two of the principal officers of the corporation they are here sued as individuals, and as such they are not to be considered as the corporation. The plaintiff's agreement with the corporation provided that the expenses of removal, and any other loss that the corporation might suffer, should be reimbursed by the plaintiff. The contract was a fair one so far as the interests of the corporation were involved. It was not void as being *malum in se*. If the plaintiff could consummate the exchange of so much advantage to her, it would be a gross breach of faith on the part of the corporation to refuse to perform its agreement and wantonly cause great loss to the plaintiff. These defendants surely are not in a position to assert that the corporation would refuse to perform its contract for the sole purpose of enabling them to avoid liability for their misconduct. If the plaintiff could have made the exchange, but for the fraud of the defendants, she was entitled to recover her damages caused by that fraud. *Rice v. Manley*, 66 N. Y. 82; *Jackson v. Stanfield*, 137 Ind. 592. The evidence is that plaintiff could have made the exchange, and these defendants are not in a position to assert that she could not. If this point is to be controlled by technicalities, it might be said that the defendants, not being

parties to the agreement to exchange the lease to lot 6, cannot defend upon the supposition that the parties to that agreement will avail themselves of the statute of frauds to enable them to violate it. *Rickards v. Cunningham*, 10 Neb. 417; *Cresswell v. McCaig*, 11 Neb. 222.

Neither of the points urged by defendants requires a reversal, and the judgment of the district court is

AFFIRMED.

BARNES, LETTON and ROSE, JJ., not sitting.