JAMES DAILEY, APPELLEE, V. CATHERINE KINSLER ET AL., APPELLANTS.

[FILED FEBRUARY 10, 1891.]

1. **Deeds:** PARTIES: DECREE. In 1883 one D. made a deed of certain real estate to Catherine K. In May, 1884, Catherine conveyed said property to one J. H. F. by deed with full covenants of warranty. J. H. F. paid nothing for the property. Soon after the execution of the last mentioned deed D. began an action in the district court against Catherine and J. H. F., alleging certain facts which, if true, would invalidate the deed from D. to Catherine, and prayed that the deed made by him to Catherine, and from her to J. H. F. be delivered up and be canceled and the title quieted in the plaintiff. Personal service was had upon J. H. F., and by publication upon Catherine. A decree by default was entered against both, which was afterwards set aside as to Catherine, and she was permitted to defend. *Held*, First—That as she had conveyed all her interest in the premises before the bringing of the action she was not a necessary party to the suit; Second—That the decree against J. H. F., no appeal having been taken or modification made, divested him of all title or interest in the premises.

2. **Express Trusts:** CANNOT REST IN PAROL. Under sec. 3, ch. 32, Compiled Statutes, an express trust in real estate cannot be created by a parol agreement to reconvey the same to the grantor.

APPEAL from the district court for Douglas county. Heard below before WAKELEY, J.

*Mahoney, Minahan & Smyth,* for appellants:

The statute of frauds can be pleaded only by parties and privies. (*Rickards v. Cunningham,* 10 Neb., 420; *Hansen v. Berthelsen,* 19 Id., 441.) Notice must be alleged. (*Lane v. Krekle,* 22 Ia., 406; *Clapp v. Cedar Co.,* 5 Id., 58; *Uther v. Rich,* 37 Eng. C. L., 784; *Fitch v. Jones,* 85 Id., 238; *Bailey v. Bidwell,* 13 M. & W. [Eng.], 73; *Hancock v. Hale,* 17 Fla., 808; Langdell, Eq. Pl., sec. 185; Bigelow, Fraud, 130.)

*Switzler & McIntosh, contra:*

The warranty deed to Feeney cannot be defeated by parol proof of an express trust. (*Shafter v. Huntington*, 19 N. W. Rep., 11; *Cook v. Barr*, 44 N. Y., 156; *Brown v. Bronson*, 35 Mich., 415; *Cobb v. Cook*, 49 Id., 11; *Jones v. Van Doren*, 18 Fed. Rep., 619; *Randall v. Constans*, 23 N. W. Rep., 531; *Fairchild v. Rasdall*, 9 Wis. 379; *Pavey v. Ins. Co.*, 56 Id., 221; *Hansen v. Berthelsen*, 19 Neb., 433; *O'Brien v. Gaslin*, 20 Id., 347; *Courvoirsier v. Bouvier*, 3 Id., 55; *Thomaston v. Stimson*, 21 Me., 195; *Bryant v. Crosby*, 36 Id., 562; *Richardson v. Woodbury*, 43 Id., 206.)   Even if a trust existed, service of summons upon Feeney, the alleged trustee, and a decree against him, binds Kinsler. (Perry, Trusts, 328 ; Story, Eq. Jur., 1275; *Mackey v. Coates*, 70 Pa. St., 350.)   The deed is not sufficiently clear and certain for a trust deed. (*Shade v. Bessinger*, 3 Neb., 140; Wharton, Ev., 1033.)

MAXWELL, J.

On the 9th day of May, 1884, plaintiff filed his petition in the court below, in which he alleged, in substance, that on the 2d day of November, 1883, plaintiff was the owner in fee of the real estate described therein; that on or about said date the defendant, Catherine Kinsler, with the intention of defrauding the plaintiff, plied him with intoxicating liquors, and that while under the influence of said liquors she brought him a document to sign, fraudulently representing it to be a paper relating to an application of hers for a pension from the United States government; that he signed said paper believing it to be as represented; that in fact it was a deed to the real estate aforesaid; that plaintiff never sold or agreed to sell to her the real estate mentioned; that on or about the 2d day of May 1884, she, by a warranty deed, attempted to convey said property to the defendant, John H. Feeney ; that said last mentioned deed was

made without plaintiff's knowledge or consent, and that Feeney now claims to own said property. The prayer of the petition is that the deed from Dailey to Kinsler and from Kinsler to Feeney be delivered up and canceled; that the defendants be enjoined from conveying or incumbering the property, and that the title thereto be quieted in the plaintiff.

Personal service was had upon the defendant Feeney; the defendant Kinsler was served by publication. Neither defendant appeared. Both were defaulted and a decree rendered against them. The decree was substantially that the deed from Dailey to Feeney was obtained by fraud, was null and void; that the deed to Feeney was made without authority of law, was null and void; that the deeds be delivered up and canceled; that the title to the property was in Dailey, and that it be quieted in him.

On the 18th day of October, 1888, the decree, on motion of Miss Kinsler, was set aside as to her, and she was given leave to answer. She filed a general denial. Afterwards, by leave of court, she filed an amended answer, denying specifically the fraud, admitting the conveyance to Feeney, but alleging that it was in trust for her. To which plaintiff replied, reciting, among other things, the date of the commencement of the action; that personal service was had upon Feeney, and constructive service upon Kinsler; that the defendants failed to answer or plead; that a decree was entered quieting the title in the plaintiff; that the decree, as to Feeney, was never set aside; that afterwards Feeney made a quitclaim deed to Kinsler; that said quitclaim deed cast a cloud upon plaintiff's title; that plaintiff purchased the property in 1882, and assumed and agreed to pay a certain mortgage thereon, and praying, in substance, the relief asked for in his petition.

A trial was had resulting in a decree finding generally in favor of the plaintiff and canceling the deeds of the defendant and quieting the plaintiff's title.

The testimony fails to show that the deed was obtained by Miss Kinsler by plying the plaintiff with intoxicating liquors. So far as the proof shows, the deed was made voluntarily. It appears, however, to have been made as a matter of friendship, and had she retained the title, there is but little doubt the deed would have been sustained. She conveyed the property to Feeney, however, without consideration, upon an alleged parol trust to hold the property for her. This conveyance was made by a warranty deed with full covenants, by which she parted with all her right, title, and interest in the property. She was not a necessary party therefore in this action.

Personal service was had upon Feeney, but he made no defense whatever, but allowed a decree to be entered against him by default. Is this decree conclusive in the case? In other words, can a secret, express trust be raised by parol where there has been an absolute conveyance of real estate?

Sec. 3, ch. 32, Compiled Statutes, provides that "No estate or interest in land, other than leases for a term not exceeding one year, nor any trust or power over or concerning lands, or in any manner relating thereto, shall hereafter be created, granted, assigned, or surrendered, or declared, unless by act or operation of law, or by a deed or conveyance in writing, subscribed by the party creating, granting, assigning, surrendering, or declaring the same."

The fourth section excepts from the operation of this provision real estate disposed of by will and trusts arising by implication or operation of law, and the sixth excepts agreements where there has been a part performance.

In *Courvoirsier v. Bouvier*, 3 Neb., 61, it was held that under our statute an express trust in real estate cannot be raised by a parol promise to reconvey to the grantor. This rule was affirmed in *Hansen v. Berthelsen*, 19 Neb., 433, and in *O'Brien v. Gaslin*, 20 Id., 347.

The sections above quoted were copied substantially from

the laws of Michigan and the supreme court of that state in *Shafter v. Huntington,* 19 N. W. Rep., 11, held that trusts in land for the benefit of third persons cannot be raised by a parol agreement. (See, also, *Trask v. Green,* 9 Mich., 366; *Grosbeck v. Seeley,* 13 Id., 345; *Newton v. Sly,* 15 Id., 396; *Brown v. Bronson,* 35 Id., 415; *Palmer v. Sterling,* 41 Id., 220.)

The same doctrine was announced by the supreme court of Minnesota in *Randall v. Constans,* 23 N. W. Rep., 531, and by the supreme court of Wisconsin in *Fairchild v. Rasdall,* 9 Wis., 379; *Pavey v. Am. Ins. Co.,* 56 Id., 221. Many other cases to the same effect might be cited.

This has been the rule in this state for nearly twenty years, and if changed it should be by statute. No doubt there are cases where the justice of the matter creates a strong desire to allow parol testimony to be given to establish the trust. The law, however, gives security to titles, prevents fraud and perjury in the assertion of alleged trusts, and conduces to the general welfare. It is not to be supposed that a party will make an absolute conveyance of real estate where he still retains an interest therein, without that interest being stated in writing. The law, at least, requires it to be so stated, and it is the duty of the court so to declare. Feeney held the absolute title to the land in question at the time the decree was rendered divesting him of all title and interest therein.

No appeal was taken from this judgment or any attempt made to modify or set it aside, and it is now in full force and effect. The judgment of the court below must be

AFFIRMED.

THE other judges concur.