JAMES DAILEY, APPELLEE, v. CATHERINE KINSLER, APPELLANT, ET AL.

[FILED DECEMBER 16, 1892.]

1. **Bona Fide Purchaser of Real Estate:** NOTICE: PLEADING. A defendant who claims protection as a *bona fide* purchaser of real estate without notice of the plaintiff's equities is required to deny such notice, although not alleged in the petition.

2. **Real Estate:** PAROL TRUSTS : STATUTE OF FRAUDS: PLEADING. Where, in an action to set aside certain conveyances through which the defendant claims title to lands, a court of equity has entered final decree in accordance with the prayer of the petition and quieting the title of the plaintiff, the latter may plead the statute of frauds in a subsequent action by the grantor of the defendant to establish a parol trust claimed to have been created in his favor at the time of the conveyance by him to the defendant.

3. ———: ———: ———: ———: CASE STATED. In an action by D. against F., the holder of the legal title to the land in dispute, to set aside certain conveyances through which the latter claimed title, a final decree was entered for the plaintiff in accordance with the prayer of his petition, which decree still remains in force. Subsequently K., F.'s grantor, intervened and filed an answer in which it was alleged that the deed to F. was without consideration, and executed and delivered in accordance with a contemporaneous verbal agreement by which F. was to reconvey to K. on demand of the latter. *Held,* That D. may plead the statute of frauds as a defense against K., although F. may be willing to recognize the trust.

4. **Evidence** examined, and *held,* not to establish a trust in parol.

REHEARING of case reported in 31 Neb., 340.

*Mahoney, Minahan & Smyth,* for appellant.

*Switzler & McIntosh, contra.*

POST, J.

This is an appeal by the defendant Catherine Kinsler from a decree of the district court of Douglas county.

Judgment was entered at the January, 1891, term affirming the decree below. (See *Dailey v. Kinsler*, 31 Neb., 340.) Subsequently, however, on the motion of the appellant, a rehearing was allowed. The reliance of the appellant at this time is upon two propositions, viz.:

First—That the original petition did not state a cause of action against Feeney, her co-defendant, hence the question of title in him to the property in controversy was not concluded by the decree of the district court.

Second—There is no such privity between the plaintiff and Feeney in relation to said property as will entitle the former to avail himself of the provisions of the statute of frauds as against her; that the right to interpose the statute is personal to Feeney, and since he is willing to recognize the alleged trust in her favor, the plaintiff should not be heard to complain.

The record shows that the decree against Feeney was by default. Such a judgment or decree is conclusive as to the cause of action alleged only. By a failure to answer, a defendant does not confess the allegations of a petition which fails to state a cause of action. This is an elementary rule of pleading. The particular objection to the petition in this case is that it is not therein distinctly charged that Feeney had notice of the alleged equities of the plaintiff at the time he took the deed for the property. The allegation of the petition is as follows: "Said James H. Feeney, claims to own said property at this time by virtue of a' deed from said defendant, Catherine Kinsler, under date of May 2, 1884, which said conveyance came to plaintiff's knowledge only on May 8, 1884, and it was made without any consent on his part." The petition also contains a prayer for general relief and for the quieting of the plaintiff's title as against both defendants. The plaintiff was not required to anticipate a defense by Feeney on the ground that he was a *bona fide* purchaser. As said by Chancellor Walworth in *Lowry v. Tew*, 3 Barb. Ch. [N. Y.],

414, "It is a general rule of equity pleading that a defendant who claims protection as a *bona fide* purchaser without notice must deny such notice, although not distinctly alleged in the bill." And in *Denning v. Smith*, 3 Johns. Ch. [N. Y.], 345, it is said that "The pleader must deny fully, in the most precise terms, every circumstance from which notice could be inferred." (See also *Manhattan Co. v. Evertson*, 6 Paige Ch. [N. Y.], 457; *Harris v. Fly*, 7 Id., 421; *Bowman v. Griffith*, 35 Neb., 361.) It is evident that the petition stated a cause of action against Feeney, and if he claimed the rights of a *bona fide* purchaser, he was bound to allege and prove purchase in good faith without notice of the equities of the plaintiff.

2. In determining whether the statute of frauds is available to the plaintiff in this case, the fact should not be overlooked that both the appellant, Miss Kinsler, and Feeney, her grantee, were, at the inception of this controversy, joined as defendants. The former was served by publication and the latter personally. Both were defaulted and a decree entered quieting the plaintiff's title and perpetually enjoining both defendants from in any way conveying or incumbering the property. That decree was, on the motion of the appellant, set aside as to her, but continues in full force and effect as to Feeney, who afterward, regardless of the injunction, conveyed the property to the appellant. An answer was subsequently filed by the appellant, in which, after denying the allegations of the petition, she alleged that she was the equitable owner of the property, and that the deed to Feeney was executed with the distinct understanding that the latter would reconvey the property to her upon demand. It appears from the evidence in the bill of exceptions that there was no written agreement by Feeney to reconvey. Nor is it even contended that the alleged trust could have been enforced by the appellant as against him. Did the plaintiff, by virtue of the decree, succeed to the rights of Feeney, so that he may now inter-

pose the plea of the statute to defeat the alleged trust in favor of the appellant? It should be noted in this connection that the decree does not in terms command a conveyance by Feeney to plaintiff. But that omission we regard as unimportant. It is in all other respects in the usual form and clearly sufficient to bind the defendant therein and all who are in privity with him in respect to the property affected thereby. (Wells, Res Adjudicata, 28 ; *Adams v. Barnes,* 17 Mass., 365; *Kelly v. Donlin,* 70 Ill., 386.)

It was held in *Rickards v. Cunningham,* 10 Neb., 417, and *Hansen v. Berthelsen,* 19 Id., 433, that the defense of the statute of frauds is personal, and available only to the party sought to be charged and those in privity with him. This we understand to be the rule generally accepted by courts in giving effect to the provisions of the statute. The term privity denotes mutual or successive relationship to the same rights of property. (1 Greenleaf on Ev., 198.) By the decree in his favor the plaintiff must be held to have succeeded to the rights of Feeney, whatever they may have been, in the property in controversy. As said by Judge Day in *McDonald v. Gregory,* 41 Ia., 516: "If the rights of two parties have been determined respecting a particular subject and the subject-matter of the suit is afterwards assigned, the assignee takes it affected by the prior adjudication and may avail himself of its advantages and is subject to its burdens." *Rickards v. Cunningham* and *Hansen v. Berthelsen* are not in conflict with the view here expressed. The point decided in the first named case is, that an execution plaintiff cannot defeat a sale of personal property by the defendants to a third party on the sole ground that such sale is in violation of the provisions of the ninth section of the statute of frauds, and in the last named case the only question discussed or decided was whether the grantee on the facts in that case could plead the statute as a defense. The decision, both in the district

court and in this court, was upon the ground that the grantee of Berthelsen took with notice of the plaintiff's rights. The question of the application of the statute was not necessarily involved, and whether the grantee could in such a case interpose the statute for his protection is a question not raised in this controversy, and on which the writer does not wish to be understood as expressing an opinion.

3. There is a failure of proof on the part of the appellant to sustain the allegations of a trust in her favor. The conveyance to Feeney appears to have been voluntary on her part, unaccompanied by any promise to reconvey or understanding to that effect. She is asked, while testifying in her own behalf, how she came to execute the deed to Feeney, to which she answered, " I was sick and thought I was going to die at the time, and J wanted to have some money to bury me, and that is the reason I gave the deed at that time, but I didn't go away; I was sick and didn't expect to get well, and I made the deed for money enough to bury me out of it." Again, on redirect examination, she is asked to state whether or not there was any understanding between herself and Feeney, at the time the deed was executed, with respect to a reconveyance of the property, to which she answered, " When I made the deed to Mr. Feeney I had no idea of anything at all, only that I made it on the conditions I spoke of." This evidence does not prove an agreement to reconvey and is clearly insufficient to establish a trust. The decree of the district court is right, therefore, and is

AFFIRMED.

THE other judges concur.