JACOB PFUND v. VALLEY LOAN & TRUST COMPANY.

FILED OCTOBER 20, 1897.   No. 7468.

1. **Public Lands:** CANCELLATION OF ENTRY. The commissioner of the general land office has power, after the issue to an entryman of a final receipt and before patent, to order an investigation and, if it be thereupon found that the entry or proof was fraudulent, to cancel the entry. *Orchard v. Alexander*, 157 U. S., 372, followed.

2. ———: ———: BURDEN OF PROOF. While such power is not unlimited or to be exercised arbitrarily, and is in some cases, at least,' subject to judicial review,—as where the opportunity to be heard was not accorded the claimant,—still, even in such cases, the claimant seeking relief in the courts assumes the burden of showing that he has in fact earned a patent. *Parsons v. Venzke*, 61 N. W. Rep. [N. Dak.], 1036, followed.

3. ———: ———. The act of congress of March 3, 1891, protecting certain innocent purchasers and incumbrancers against cancellations of entries, refers only to entries in force when the act was passed, and not to those which had been previously canceled. *Parsons v. Venzke*, 164 U. S., 89, followed.

4. Vendor and Vendee: BONA FIDE PURCHASERS. Where a claim to real estate can be sustained only upon the ground that the person asserting it is a subsequent purchaser in good faith, such person is required to show affirmatively that he purchased without notice of the equities of another, and relying upon the apparent ownership of his grantor. *Bowman v. Griffith*, 35 Neb., 361, followed.

ERROR from the district court of Holt county. Tried below before BARTOW, J. *Reversed.*

*R. R. Dickson*, for plaintiff in error.

*H. M. Uttley*, contra.

IRVINE, C.

In 1880 one Frank Kokojan made application and entered upon the southeast quarter of section 30, township 28, range 11 west, in Holt county, under the federal homestead laws. In November, 1885, he made final proof, and December 12, 1885, the local land officers issued to him a final receipt. January 11, 1886, he executed a mortgage on the land, and the Valley Loan & Trust Company, plaintiff below and the defendant in error, claims as purchaser at a foreclosure sale under this mortgage. January 3, 1887, the United States filed a complaint in the local land office charging that Kokojan had obtained his final receipt through fraud and perjury. A hearing was had at which Kokojan appeared. The local office found against him and an appeal was taken to the commissioner of the

general land office, which resulted, November 19, 1888, in
an affirmance of the action of the local office and a final
cancellation of Kokojan's entry.   Lina Girard afterwards
entered upon the land under the homestead laws, and
November 11, 1890, received a patent therefor.   Pfund
claims as her grantee.   This action was brought by the
Valley Loan & Trust Company, claiming as we have said,
under Kokojan, to have Pfund decreed a trustee of the
legal title for plaintiff's benefit, and to compel a convey-
ance.   There was no effort made by pleadings or proof
to show that Kokojan's entry was in fact lawful or that
he was entitled to a patent.   On this the plaintiff relied
solely upon the issuing to him of the final receipt.
Neither did the plaintiff, by pleading nor proof, endeavor
to establish that Kokojan's mortgagee or the plaintiff
had expended money or other thing of value for the land
relying upon the receipt and without notice of the fraud
or perjury by which it is charged the receipt was ob-
tained.   The plaintiff's theory was that by the issue of
the receipt, Kokojan obtained a vested interest in the
land, which the land office had no authority or power to
divest by the subsequent proceedings.   The broad ques-
tion raised was that formerly much mooted one of the
power of the land officers to cancel an entry after the
issuing of a final receipt, for fraud in obtaining it.   The
district court entered a decree for the plaintiff in accord-
ance with the prayer of the petition, and the defendant
brings the case here by petition in error.   At the time of
trial in the district court the main question presented
was an open one, the state courts having reached differ-
ent conclusions, the inferior federal courts being almost
equally divergent in their decisions, and there being then
no decision of the supreme court of the United States
which threw anything more than a side-light upon the
situation.

In *Orchard v. Alexander*, 157 U. S., 372, the supreme
court of the United States, in a case much like this, dis-
tinctly held that the commissioner of the general land

office has power to proceed as was here done, and if the entry be shown to be fraudulent, to cancel the same. This was in the case of a pre-emption entry, but there has not been suggested to us any principle which would differentiate that case from one of a homestead entry.

In *Parsons v. Venzke*, 61 N. W. Rep. [N. Dak.], 1036, the supreme court of North Dakota had before it a case in all respects similar to the case at bar, except again that the entry was a pre-emption, and that the mortgagee, while not a party to the cancellation proceedings, had appeared and defended. The conclusion there reached and expressed in an opinion which evinces the learning and painstaking research distinguishing so much of the work of that court, was that the commissioner has general authority to cancel fraudulent entries; that such power is not one to be exercised arbitrarily, but is limited in its scope; that the findings of fact in such case are binding upon the courts, provided parties have been accorded an opportunity to be heard, but that where no such opportunity has been accorded, the finding is not absolutely a nullity,—the entry having been in fact canceled,—a party seeking equitable relief must assume the burden of proving the facts showing he had earned the patent. This case was taken by writ of error to the supreme court of the United States, where the judgment of the state court has been recently affirmed. (*Parsons v. Venzke*, 164 U. S., 89.) While the opinion is not so elaborate as in the state court, it clearly establishes the authority of the commissioner in the premises. The question being one of a federal character we must be governed by the decisions referred to.

Plaintiff contends that if it be determined that authority exists to cancel an entry as against the entryman himself, plaintiff is nevertheless protected by the provisions of the act of congress of March 3, 1891 (26 United States Statutes at Large, p. 1098, ch. 561, sec. 7), whereby it is enacted that "all entries made under the pre-emption, homestead, desert-land, or timber culture laws, in which

final proof and payment may have been made and certificates issued, and to which there are no adverse claims originating prior to final entry and which have been sold or incumbered prior to the first day of March, eighteen hundred and eighty-eight, and after final entry, to *bona fide* purchasers, or incumbrancers for a valuable consideration, shall unless upon an investigation by a Government Agent, fraud on the part of the purchaser has been found, be confirmed and patented upon presentation of satisfactory proof to the Land Department of such sale or incumbrance." This statute cannot avail the plaintiff. Without suggesting other reasons it is sufficient to say that in *Parsons v. Venzke, supra*, the same claim was made and the supreme court of the United States there held that the statute referred only to entries existing at the time of its enactment and not to those which had theretofore been canceled.

Plaintiff in argument further insists that it is in any event entitled to relief as one claiming under a *bona fide* purchaser without notice of the facts invalidating the entry and in reliance upon the receipt. Whether one occupying such a position and not a party to the cancellation proceedings would be entitled to relief in the courts we need not decide, because, as already noticed, the plaintiff did not present this issue by the pleadings or attempt to establish such facts by the proof. Where a claim to real estate can be sustained only upon the ground that the person asserting it is a subsequent purchaser in good faith, such person is required to show affirmatively that he purchased without notice of the equities of another, and relying upon the apparent ownership of his grantor. (*Bowman v. Griffith*, 35 Neb., 361; *Dailey v. Kinsler*, 35 Neb., 835; *Phœnix Mutual Life Ins. Co. v. Brown*, 37 Neb., 705; *Baldwin v. Burt*, 43 Neb., 245.) It follows that the judgment of the district court must be reversed and the cause remanded.

REVERSED AND REMANDED.