FRANK J. PERSONS ET AL. V. MARGARET MCDONALD ET AL.

FILED SEPTEMBER 19, 1900. No. 9,285.

1. **Contract: PRINCIPAL: ATTORNEY.** A contract, to be binding upon a principal when executed by another person, must be made in the name of the principal.

2. ———: ———: ———. If one contract in his own name, describing himself as attorney for his principal, the contract is the obligation of the attorney, and not of the principal.

3. **Cases Distinguished.** *McWilliams v. Lawless*, 15 Nebr., 131, and *Wheeler v. Walden*, 17 Nebr., 122, distinguished.

ERROR to the district court for Douglas county. Tried below before POWELL, J. *Affirmed.*

*Lane & Murdock*, for plaintiffs in error.

*D. W. Merrow, contra.*

NORVAL, C. J.

This suit was for the specific enforcement of an alleged contract, of which the following is a copy:

"SOUTH OMAHA, NEB., December 7, 1887.

"Received from G. M. Southmayd fifty ($50) dollars as part payment on the east fifty feet of lots 13 and 14 in block 79, in South Omaha. The consideration for the said lots is to be five thousand ($5,000) dollars, one-half of which price is to be paid on delivery of deed for the same, which deed is to be made and delivered on the first day of January, A. D. 1888. Should the said G. M. Southmayd fail to pay the amount above specified at the time mentioned, then this contract is at an end. And is null and void without notice.       JOHN T. CATHERS,

"In presence of          *Attorney for Edward Clark.*
    "C. E. LANE."

A general demurrer to the petition was interposed by

the defendant, which was sustained by the court below, and the action dismissed. Plaintiffs prosecute error. The amended petition discloses that plaintiffs are the owners of said instrument, and that the defendants are the grantees of Clark. While many points are argued in the briefs of counsel for the respective parties, the only question it is deemed necessary to decide is whether the instrument upon which the suit is founded is the contract of Clark. It will be observed that Edward Clark did not sign the writing, and his name nowhere appears in the body thereof, nor does it upon its face purport to be the obligation of Clark. The instrument is signed "John T. Cathers, Attorney for Edward Clark." This purports to be the contract of Cathers alone, and not of Clark. The words "Attorney for Edward Clark" are merely *descriptio personæ*. A contract of sale or a deed of conveyance executed by an agent, in order to bind the principal, must be executed in his name. *Morgan v. Bergen*, 3 Nebr., 209; *Lessee of Anderson v. Brown*, 9 Ohio, 151; 1 Am. & Eng. Ency. Law, 1035; *Tucker Mfg. Co. v. Fairbanks*, 98 Mass., 101; *Lutz v. Linthicum*, 8 Pet. [U. S.], 165; *Chamberlain v. Pacific Wool-Growing Co.*, 54 Cal., 103; *Hayes v. Brubaker*, 65 Ind., 27; *Spencer v. Field*, 10 Wend. [N. Y.], 88.

The cases of *McWilliams v. Lawless*, 15 Nebr., 131, and *Wheeler v. Walden*, 17 Nebr., 122, are distinguishable from the one at bar. In the first case the application to purchase the land was made to the Burlington & Missouri River Railroad Company in Nebraska, which application was accepted by the company, and its land commissioner gave to the applicant a receipt for the money paid on the purchase, signed "J. D. McFarland, Land Commissioner." Blank contracts were sent by the railroad company to the purchaser, who signed and returned the same, and also sent to the company another payment on the land, and a receipt therefor, signed "J. D. McFarland, Land Commissioner," was sent to the purchaser. The entire transaction showed that the contract to sell was that of

the railroad company, the principal, and not the obligation of its agent. In *Wheeler v. Walden, supra,* although the lease was signed "D. A. Waldon, Agent," the instrument in the body thereof purported to be the contract of the principal, M. A. Walden.

The instrument in the case at bar, not being the contract of Edward Clark, it can not be specifically enforced against his grantees. The demurrer was properly sustained, and the judgment is accordingly

AFFIRMED.