DURLAND TRUST COMPANY, APPELLANT, V. RUEBEN S. PAYNE, APPELLEE.

FILED MAY 6, 1921. No. 21264.

Evidence: WRITTEN CONTRACT: PAROL EVIDENCE. When plaintiff sues upon a contract, claiming benefits thereunder, and such contract is one which was made between two other parties, plaintiff not being a party thereto nor in privity with either of such parties, the parties to the contract sued on may show by parol what the real agreement was between them, though such agreement is not in accord with the recitals in the written instrument that purports to be their contract.

APPEAL from the district court for Antelope county: WILLIAM V. ALLEN, JUDGE. *Affirmed.*

*Mapes & McFarland,* for appellant.

*Boyd & Murphy, contra.*

DEAN, J.

Plaintiff sued to recover on a deficiency judgment that was obtained in a foreclosure of real estate on land formerly owned by defendant. Judgment was rendered against plaintiff, the suit was dismissed, and he appealed.

On July 1, 1909, George Fletcher and wife were the owners of two town lots in Bloomfield, Knox county, whereon an opera house had been built. On that date they obtained a loan of $7,000 from plaintiff. To secure the loan they gave a real estate mortgage on the property in question. Within about a year thereafter, in an exchange of real estate, Fletcher and wife conveyed the property to Rueben S. Payne, the defendant here. Subsequently the property was successively owned by several different persons. In October, 1914, the last interest coupon on the Fletcher mortgage became delinquent, and shortly thereafter an action of foreclosure was commenced. Fletcher was then deceased. It appears too that in the foreclosure case neither the Paynes, nor any of the other prior owners, were made parties defendant.

Subsequently the land was sold under execution to satisfy the mortgage decree and brought $7,500. This sum was applied on the amount found to be due, interest and costs included. For the unpaid remainder of the debt a deficiency judgment approximating $850 was rendered against A. P. Philson and wife, in whom the record title to the property then stood. It was to recover the amount of this deficiency from defendant that this suit was commenced.

Owing to a mistake made by the scrivener, in the numerical description of the property, it became necessary for the Fletchers subsequently to execute and deliver to Payne a second deed. Plaintiff relies upon certain of the recitals in the deeds. One contains this: "This deed is given subject to a mortgage of $7,000.00 to the Durland Trust Company, which mortgage the grantee herein assumes as part of the consideration hereof." This recital is in the other: "This conveyance is made subject to a mortgage now thereon of seven thousand dollars ($7,000.00) with interest at 7% from January 1, 1910, which grantee herein assumes as a part of the purchase price herein."

The evidence shows that, when Fletcher and Payne exchanged their respective properties, it was mutually agreed by them that the recitals in the Fletcher conveyance, upon which plaintiff relies, should not be construed to mean that the vendee should be holden for the mortgage debt or any part of it.

W. S. McAllister is a real estate broker and, so far as the record discloses, he does not profess to be learned in the law. He testified that he effected the exchange of properties in question, and that he advised both Fletcher and Payne that, if they used the word "assumes" in the conveyance, unless it was followed by the words "and agrees to pay," Mr. Payne would not be obligated to pay the mortgage debt or any part of it, and that they followed his advice. He further testified that Payne expressly declared at the time that he would not at all ac-

cept the deed if it provided that he should "assume and agree to pay the mortgage," or if it obligated him to pay it, but that he would accept it, and consummate the exchange of properties, if the word "assumes" was used in the deed, and the words "and agrees to pay" were omitted, it being his expressed understanding and belief and the expressed belief and understanding of Mr. Fletcher, acting as they were under the advice of the witness, that, if the conveyance was so drawn, Payne would not be liable for any part of the mortgage indebtedness. McAllister testified that they so agreed.

Defendant cites and relies on section 7909, Rev. St. 1913, which reads: "When the terms of an agreement have been intended in a different sense by the parties to it, that sense is to prevail against either party in which he had reason to suppose the other understood it."

It seems clear that if, under the act, "that sense is to prevail against either party in which he had reason to suppose the other understood it" with respect to the meaning of an agreement, the sense is of course to prevail in which both parties to an agreement understood it. The agreement between Fletcher and Payne, with respect to the meaning that was to be placed upon the conveyance, clearly appears to have been the inducement that caused Payne to enter into the agreement and accept the conveyance. The rights of purchasers without notice are not involved here. No consideration passed from plaintiff to defendant. Whether the debt should be assumed by Payne or whether it should not be assumed by him was, under the facts, solely the concern of Fletcher, of the one part, and of Payne, of the other part. They had perfect right to make the agreement in question. The status of plaintiff's claim, as against any person against whom it had a right of action, was not changed by any act of the defendant, and, as against him, it appears that plaintiff should not be heard to complain.

In 22 C. J. at page 1292, it is said: "The rule excluding parol evidence to vary or contradict a written instru-

ment applies only in controversies between the parties
to the instrument and those claiming under them.  It has
no application in controversies between a party to the
instrument on the one hand and a stranger to it on the
other, for the stranger not having assented to the con-
tract is not bound by it, and is therefore at liberty when
his rights are concerned to show that the written instru-
ment does not express the full or true character of the
transaction.   And where the stranger to the instrument
is thus free to vary or contradict it by parol evidence his
adversary, although a party to the instrument, must be
equally free to do so.   This has been held to be true with
respect to writings of all kinds, as for example, deeds;
mortgages; leases; bills of sale; contracts of sale; licenses;
insurance policies, and contractual receipts."

We do not find reversible error.  The judgment is right,
and it is

AFFIRMED.