THOMAS E. WOODRUFF, APPELLEE, v. THOMAS H. COOPER, APPELLANT.

FILED MARCH 12, 1923. No. 22273.

**Parol Evidence.** "Where the controversy is between a party to a written contract and one who is neither a party nor a privy to it, the rule excluding parol evidence tending to vary, modify or contradict the writing does not apply." *First Nat. Bank v. Tolerton & Stetson Co.*, 5 Neb. (Unof.) 43.

APPEAL from the district court for Douglas county: CHARLES A. GOSS, JUDGE. *Affirmed.*

*Hugh A. Myers* and *Kelso A. Morgan*, for appellant.

*Alfred C. Munger*, contra.

Heard before MORRISSEY, C. J., LETTON and DEAN, JJ., RAPER, District Judge.

RAPER, District Judge.

This cause was originally instituted in the municipal

court of Omaha by two separate suits. From the decision there an appeal was taken to the district court, where, by agreement, the cases were consolidated and tried together.

The suits are to recover commissions for three automobile trucks sold by plaintiff while he was employed by the Lincoln Snyder Motor Company. The orders for the trucks had been taken by plaintiff, but the commissions were not to be payable until the trucks were delivered. After the taking of these orders by plaintiff, and before the trucks were delivered, the Lincoln Snyder Motor Company sold its stock and business to defendant Cooper. The terms of the sale were reduced to writing, signed by the vendor and vendee. In that writing Cooper agreed, among other things, to pay outstanding debts of the Lincoln Snyder Motor Company to the amount of $1,500. A list of the debts of the vendors was made about the time of the transfer, which aggregated something over $1,700, which, it was claimed, included all the debts that Cooper was to pay. Another list was made of accounts that Cooper did not assume. Plaintiff's claim for commissions did not appear in either list. Of the claim list totaling $1,700, Cooper paid $1,500 and Lincoln Snyder Motor Company paid the balance, but there is no evidence as to what particular debts in the list each party paid. Two of the trucks for which orders had been taken were delivered to Cooper in the transfer, and were later delivered by him to the party to whom plaintiff had sold them. The other truck was not in the stock at the time of the transfer, but soon after was sent by the manufacturer to Cooper, who delivered it to the party who had ordered it from plaintiff, Cooper thus receiving the profit on all three of the sales.

It is alleged in the petition that Cooper, as a part of the sale and transfer, agreed to pay plaintiff's commissions. This is denied by defendant. On the trial of the case the court permitted the plaintiff, over the ob-

jection of defendant, to offer oral testimony that Cooper, as a part of the consideration for the transfer of the property, did agree to pay plaintiff's commissions when the trucks were delivered. The issue was submitted to the jury under instructions which are not criticised in appellant's brief. Verdict and judgment was awarded plaintiff, and the evidence is amply sufficient to sustain the verdict.

The principal contention of appellant is that the court erred in admitting parol evidence to vary the terms of the written agreement entered into between the Lincoln Snyder Motor Company and Cooper. The principle involved has been determined by this court in several cases adversely to appellant. The case of *Heisler Pumping Engine Co. v. Baum,* 86 Neb. 1, is squarely in point, and directly applicable. In *Durland Trust Co. v. Payne,* 106 Neb. 135, the same principle is adopted. These decisions, with the authorities quoted therein, need no further comment. The trial court did not err in admitting the oral testimony.

The judgment is right, and it is

AFFIRMED.