THEODORE HAPP, APPELLEE, V. PATRICK G. DUCEY: O. T. IRWIN ET AL., APPELLANTS.

FILED MAY 26, 1923. No. 22427.

1. **Bills and Notes:** BONA FIDE PURCHASER. Where the consideration for the purchase before maturity and without notice of a negotiable promissory note, by regular indorsement, was a sale of real estate, and the deed therefor had not been delivered, but was left with a bank for delivery to grantee upon payment of $500, the remainder of the purchase price, *held*, that the vendor was

Happ v. Ducey.

entitled to protection as a *bona fide* purchaser, as against a claim of the maker of the note against the payee thereof.

2. **Statute of Frauds.** The fact that the agreement for sale of the real estate was not in writing is no defense, as defendants were not parties thereto, and the defense of the statute of frauds is personal to the parties.

APPEAL from the district court for Platte county: A. M. POST, JUDGE. *Affirmed.*

*Vail & Flory,* for appellants.

*Albert & Wagner,* contra.

Heard before MORRISSEY, C. J., DAY and ALDRICH, JJ., COLBY and REDICK, District Judges.

REDICK, District Judge.

Action upon a negotiable promissory note for $2,000, signed by Paul Rudolph, payable to O. J. Irwin, and by him indorsed before due to Patrick G. Ducey, and by Ducey indorsed before due to plaintiff. Defendants Rudolph and Irwin admit the note, but claim an offset against Ducey, alleging that, as a part of the transaction resulting in the giving of the note, Ducey agreed to pay the interest to March 1, 1920, on certain mortgages upon lands conveyed by Ducey to Rudolph, amounting to $1,200, which he failed to do.

Plaintiff acquired the note as part of the purchase price of a house and lot, and placed the deed conveying the property to Ducey with a bank, to be delivered upon Ducey paying the remainder of the purchase price, $500. Ducey was in possession of the property as tenant at the time of the purchase, had paid one month's rent, but after the purchase continued in possession under the contract, which was verbal.

Defendants claim the contract was void under the statute of frauds, but, not being parties to it, cannot raise the question. *Rickards v. Cunningham,* 10 Neb. 417; *Cresswell v. McCaig,* 11 Neb. 222.

The only other question is whether the evidence shows plaintiff to be a purchaser in good faith for value without

notice. The evidence does not warrant any inference of bad faith; but defendants claim that, as the sale of the lot has not been completed by delivery of the deed, plaintiff may refuse to deliver it except upon Ducey making good defendants' claim against him.

We think, however, Ducey may enforce delivery of the deed upon payment of the $500, and that plaintiff cannot be required to breach his contract in order to assist defendants in collecting their claim against Ducey.

The cases cited by defendants where the purchase price had not all been paid before notice are not applicable, for plaintiff had paid the full amount for the note by a valid and binding contract to convey the lot; the note was in part payment of the debt, and was credited thereon, and the case is within the principle that a purchaser without notice before maturity of a negotiable instrument, by crediting the amount thereof upon a preexisting debt, is a purchaser in good faith, as held in *Smith v. Thompson,* 67 Neb. 527, and *Martin v. Johnston,* 34 Neb. 797.

JUDGMENT AFFIRMED.