**DONALD et al. v. RHOADS et al.**
**No. 300.**

District Court, N. D. Texas, Wichita Falls Division.

Nov. 25, 1933.

T. R. Boone, of Wichita Falls, Tex., for the motion.

McGown & McGown and H. L. Logan, Jr., all of Fort Worth, Tex., opposed.

ATWELL, District Judge.

The complainants claim that they purchased from the respondents, Rhoads and Spencer, oil properties on credit, and in order to make the note therefor acceptable to the Continental Bank at Fort Worth, they gave to the respondents mentioned an assignment to certain oil properties of their own, as well as an additional note secured thereby. That the understanding between them was that the complainants' note and additional oil property security should be returned to the complainants as soon as the bank was satisfied. That the bank was satisfied, but prior to that time the said respondents had assigned complainants' note and assignment of oil and gas interests to

respondent Continental Supply Company, in violation of the agreement. That the Continental Supply Company did not, in fact, secure such choses in action and assignments until after their maturity.

Complainants sought a cancellation of the note and the return of the muniment of title to the oil properties, and tendered back to Rhoads and Spencer the property which Rhoads and Spencer had originally sold them. They likewise sought damages against Rhoads and Spencer for the alleged breach of the original contract between them. Complainants and Rhoads and Spencer are Texas citizens.

The Continental Supply Company, a citizen of Missouri, removed the cause to this court alleging a separable controversy.

It relies upon cases such as Brown v. Empire Gas & Fuel Co. (D. C.) 26 F.(2d) 100; Wirgman v. Persons (C. C. A.) 126 F. 449; McKay v. Gabel (C. C.) 117 F. 873; City of Seattle v. Great Northern Ry. (D. C.) 239 F. 1009; Houts v. Scharbauer, 46 Tex. Civ. App. 605, 103 S. W. 679; Lumpkin v. Blewitt (Tex. Civ. App.) 111 S. W. 1072; Dailey v. Kinsler, 31 Neb. 340, 47 N. W. 1045; Adams v. Guyandotte Valley Ry. Co., 64 W. Va. 181, 61 S. E. 341, and Black on Rescission, vol. 3, page 1583.

A suit for cancellation and rescission may not be kept out of the national court by the joinder in the local court of a party who has parted with interest in the subject-matter.

But that is not all of the present case. The complainants are at equity. They seek an equitable remedy. In order to succeed they must do equity. The parties to whom they are bounden to do such equity must be parties to the suit. Such parties are Rhoads and Spencer, from whom the complainants secured the original property and to whom the complainants must return that which they received in order to entitle them to the cancellation which they now demand.

Therefore, though Rhoads and Spencer have, in reality, parted with all of their interest in the assigned property to the Continental Supply Company, they are, nevertheless, entitled to a return of that which the complainants secured from them; a sufficient reason for the retention of them as indispensable parties.

The motion to remand must be sustained.