GROVER, INC., A NEBRASKA CORPORATION, DOING BUSINESS AS JALAPENO'S, APPELLANT, V. PAPIO-MISSOURI RIVER NATURAL RESOURCES DISTRICT, APPELLEE.

531 N.W.2d 531

Filed May 12, 1995. No. S-93-723.

Joseph S. Daly, of Sodoro, Daly & Sodoro, P.C., for appellant.

Paul F. Peters, of Schmid, Mooney & Frederick, for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, WRIGHT, and CONNOLLY, JJ., and CORRIGAN, D.J.

CONNOLLY, J.

Appellee, Papio–Missouri River Natural Resources District (NRD), petitioned to condemn certain tracts of land located in Douglas County, Nebraska. Appellant, Grover, Inc., doing business as Jalapeno's, claimed a leasehold interest in one of the tracts. Appraisers appointed by the county court for Douglas County determined that appellant sustained leasehold damages in the amount of $33,479 as a result of the NRD's taking.

Both parties appealed to the district court for Douglas County. The NRD moved in limine to prevent appellant from adducing evidence of a document entitled "Business Property Lease." The NRD also moved for summary judgment, asserting that there was no genuine issue as to whether appellant had a leasehold interest. The district court granted the NRD's motion for summary judgment, concluding as a matter of law that appellant's lease was invalid, since it had not been signed by the owners of the property. Having granted summary judgment, the court found it unnecessary to rule on the motion in limine.

The district court subsequently overruled appellant's motion for a new trial and granted the NRD's motion to have funds previously set aside for the condemnation of the leasehold interest refunded to the NRD.

## I. PARTIES' CONTENTIONS

On appeal, appellant claims the district court erred in concluding there was no leasehold interest. Appellant submits that the lease was signed by an agent of the owner and was therefore valid. In contesting the validity of the lease, the NRD raises the statute of frauds and the parol evidence rule as defenses. However, since the NRD is not a party to the lease contract, the NRD cannot raise either of those defenses.

There being no evidence but that appellant possessed a leasehold interest in the property to be condemned, the district

court erred in concluding otherwise. The rulings of the district court in various motions, having been based on this erroneous premise, are also erroneous. We, therefore, reverse the judgment of the district court and remand the cause for further proceedings.

## II. BACKGROUND

The NRD is acting as local sponsor for the U.S. Army Corps of Engineers in the corps' Papillion Creek Channel Improvement Project and the Trailhead Park Project. In its petition for appointment of appraisers, the NRD alleged that completion of the projects required the acquisition of certain tracts of land, Tract Nos. 501–502, Tract No. 503, and Tract No. 504. This appeal concerns only Tract Nos. 501–502.

According to deeds contained in the record, a part of the property referred to as Tract Nos. 501–502 was transferred from Robert F. Epsen to the Baron Corporation on January 13, 1986. Another part of Tract Nos. 501–502 was purportedly conveyed from Dennis R. McCreary and Bonnie McCreary to David E. Abboud, trustee, on January 10, 1986. On January 9, 1989, the Baron Corporation transferred its title to Nancy A. Abboud, trustee. David Abboud, trustee, subsequently transferred title to Nancy Abboud, trustee, on January 9, 1989. David Abboud was president of the Baron Corporation.

Appellant claims to have a leasehold interest in Tract Nos. 501–502 by virtue of a document entitled "Business Property Lease." The party listed as lessor on the lease is Commercial Realty, Inc., agent. David Abboud, president of Commercial Realty, signed the lease for Commercial Realty on November 1, 1988. The lease was for a 5–year term. An addendum to the lease purports to grant appellant an option to extend the lease for two additional 5–year terms. The document makes no mention of the owners of the property. As shown above, Commercial Realty did not have title to the property at this time. The Baron Corporation and David Abboud, trustee, each had title to a part of the property on November 1, 1988.

Affidavits filed by David Abboud state that Commercial Realty was acting as agent for the property owner, the Baron Corporation, on November 1, 1988, when making the business property lease.

### III. ASSIGNMENTS OF ERROR

Appellant asserts the district court erred in (1) finding that there was no valid leasehold interest in existence, (2) granting summary judgment to the NRD, (3) denying appellant a new trial, and (4) granting the NRD a refund of overpaid funds.

### IV. STANDARD OF REVIEW

In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Medley v. Davis, ante* p. 611, 529 N.W.2d 58 (1995). Summary judgment is to be granted only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Id.* Regarding questions of law, an appellate court has an obligation to reach a conclusion independent of that of the trial court. *Curtis O. Griess & Sons v. Farm Bureau Ins. Co., ante* p. 526, 528 N.W.2d 329 (1995).

### V. ANALYSIS

#### 1. LEASEHOLD INTEREST

One issue is determinative of all of appellant's assignments of error: whether the document entitled "Business Property Lease" granted appellant a valid leasehold interest for the purposes of a condemnation proceeding.

The NRD, relying upon *Morgan, et ux., v. Bergen, et ux.*, 3 Neb. 209 (1874); *Wheeler v. Walden*, 17 Neb. 122, 22 N.W. 346 (1895); *Persons v. McDonald*, 60 Neb. 452, 83 N.W. 672 (1900); *State v. Board of Commissioners of Cass County*, 60 Neb. 566, 83 N.W. 733 (1900); *Heenan & Finlen v. Parmele*, 80 Neb. 509, 114 N.W. 639 (1908); and *Witt v. Old Line Bankers Life Ins. Co.*, 89 Neb. 163, 131 N.W. 189 (1911), argues that the business property lease did not convey a leasehold interest. The NRD contends that the above–cited cases stand for the proposition that a contract, in order to be obligatory upon the principal when made by an agent, must be

executed in the name of the principal. The NRD argues that since the business property lease was not executed in the name of the principal, the lease is invalid.

In *Persons v. McDonald, supra*, the plaintiffs sued for specific performance of an alleged contract to convey certain property. The contract which allegedly conveyed the property to the plaintiffs was signed by a party purportedly acting as an agent for the owner. The owner sold the property via a separate transaction to the defendants. This court affirmed the trial court's decision to sustain the defendants' demurrer because the alleged contract between the plaintiffs and the owner was not signed by the owner. We held that since the owner had not signed the contract and the contract did not purport to be the owner's contract, the contract could not be specifically enforced.

The case at bar is similar to *Persons* in that the business property lease was signed by an agent of the property owner and made no mention of the owner. However, the instant case is distinguishable from *Persons* because there is evidence in the record establishing that the Baron Corporation, part owner of the property at the time the lease was signed, authorized David Abboud to negotiate and sign the lease as its agent. In the cases relied upon by the NRD, no extrinsic evidence of a principal–agent relationship appeared in the record.

The NRD argues that extrinsic evidence cannot be used to vary or contradict the terms of the business property lease. Specifically, the NRD contends that allowing appellant to present parol evidence regarding the property owner's identity and substituting the owner's name for that of the agent as lessor violates the statute of frauds. The flaw in the NRD's argument is that the NRD, as a third party to the lease agreement, cannot assert the statute of frauds as a defense because that defense is personal to the parties to the contract and their privies. See, *Happ v. Ducey*, 110 Neb. 429, 193 N.W. 918 (1923); *Dailey v. Kinsler*, 35 Neb. 835, 53 N.W. 973 (1892). Likewise, the NRD cannot invoke the parol evidence rule to prevent the parties to the lease agreement from adducing extraneous evidence as to the terms of the contract, even if that evidence varies or contradicts the terms of the writing. See, *State Bank of Beaver*

*Crossing v. Mackley*, 121 Neb. 28, 236 N.W. 165 (1931); *American Surety Co. v. School District*, 117 Neb. 6, 219 N.W. 583 (1928); *Nebraska Wesleyan University v. Smith*, 113 Neb. 208, 202 N.W. 625 (1925); *Woodruff v. Cooper*, 109 Neb. 857, 192 N.W. 725 (1923); *Durland Trust Co. v. Payne*, 106 Neb. 135, 182 N.W. 1016 (1921). Therefore, we hold that appellant's extrinsic evidence was admissible for the purpose of proving its leasehold interest in the property being condemned.

## 2. Summary Judgment

On a motion for summary judgment, the question is not how a factual issue is to be decided, but whether any real issue of material fact exists. *Maloley v. Shearson Lehman Hutton, Inc.*, 246 Neb. 701, 523 N.W.2d 27 (1994); *Healy v. Langdon*, 245 Neb. 1, 511 N.W.2d 498 (1994). Having decided that extrinsic evidence was admissible to prove a leasehold rule, we find that the business property lease and the affidavits of the parties to the lease created a material factual issue regarding whether appellant possessed a leasehold interest in the property. It was error for the district court to grant the NRD's motion for summary judgment.

## 3. Motion for New Trial

A motion for new trial is to be granted only when error prejudicial to the rights of the unsuccessful party has occurred. *Barks v. Cosgriff Co.*, ante p. 660, 529 N.W.2d 749 (1995); *Wolfe v. Abraham*, 244 Neb. 337, 506 N.W.2d 692 (1993). We have determined that the trial court committed prejudicial error when it granted the NRD's motion for summary judgment. Therefore, the trial court should have granted appellant's motion for new trial.

## 4. Refund of Deposit

Based on our findings with regard to the NRD's motion for summary judgment, the NRD was not entitled to a refund of the money deposited with the clerk of the court for the condemnation. The NRD's motion for a refund of overpaid funds should have been overruled.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

LANPHIER, J., not participating.