C. R. STEDMAN v. ROCHESTER LOAN & BANKING COMPANY.

FILED NOVEMBER 8, 1894.    No. 4673.

1. **Negotiable Instruments:** ACTION BY INDORSEE OF NOTE: DEFENSE: FALSE REPRESENTATIONS. In a suit by an indorsee of a promissory note against the maker thereof the latter alleged as a defense that the note was given for certain stock in a milling corporation falsely represented by the original payee of the note to be solvent and earning annual dividends of thirty per cent. The undisputed evidence showed that the indorsee purchased the note before maturity, in the usual course of business, for a valuable consideration, and without any knowledge or notice of the defense pleaded by the maker. *Held,* That the court properly instructed the jury to return a verdict for the indorsee.

2. ———: ———: PROOF OF CONDITIONAL DELIVERY: PLEADING. In said suit the maker of the note offered to prove that the note was not intended to be delivered to the original payee thereof to become his property, except upon the condition that the stock of the milling corporation, for which the note was given, should yield a dividend of thirty per cent per annum; and that the original payee of said note agreed at the time of its execution and delivery to hold it in trust for him, the maker. The answer of the maker of the note did not allege an agreement on

45

the part of the original payee of the note that he would hold such note in trust for the maker. *Held*, That the evidence offered was irrelevant under the issues and properly excluded.

ERROR from the district court of Sherman county. Tried below before CHURCH, J.

*Nightingale Bros.*, for plaintiff in error.

*Long Bros.* and *E. J. Hainer*, contra.

RAGAN, C.

On the 21st day of July, 1888, one C. R. Stedman made in writing of that date his promissory note for the sum of $534.75, payable to the order of the Sherman County Banking Company, a banking corporation organized and doing business at that time in Sherman county, Nebraska, April 1, after date, together with interest thereon at the rate of ten per cent per annum from maturity until paid. The Rochester Loan & Banking Company, a corporation created under the laws of the state of New Hampshire, brought this suit in the district court of Sherman county against said Stedman on said note, alleging that Stedman executed and delivered the note to the Sherman County Banking Company, and that it, the plaintiff, in the usual and ordinary course of business, for a valuable consideration and before the maturity of said note, purchased the same; that it was then the owner of said note, and that the same was wholly unpaid; and prayed judgment for the amount due thereon, with interest. The answer of Stedman, so far as material here, was an admission that he executed and delivered the note to the Sherman County Banking Company, but he denied that the Rochester Loan & Banking Company was an innocent purchaser of said note for a valuable consideration before maturity. Stedman also alleged that the note was made and delivered by him to the Sherman County Banking Company as part of the consideration for the

sale to him by said Sherman County Banking Company of ten shares of the capital stock of the Loup City Roller Mill Company; that the negotiation of said sale of stock was conducted on behalf of the Sherman County Banking Company by its president, one Whaley, who was also then president of said Roller Mill Company; that said note was procured from him by the Sherman County Banking Company by fraud and false representations, in this, that at the time of the sale of said stock Whaley stated to him, Stedman, that the stock was very profitable; that it was not for sale upon the market generally, but was reserved for the benefit of personal friends of the stockholders of said Roller Mill Company; and that he, Whaley, desired to confer a personal favor on Stedman; that said mill property was absolutely free from debt; that the mill had a capacity for making 125 barrels of flour per day, and was then, and had been for some time, producing that amount of flour per day, and that the profit on each barrel averaged $1.14; that said representations so made by Whaley were false, and known by him to be false; that they were made with the intent to deceive Stedman, and did deceive him; that, relying on these statements, and believing them to be true, he executed and delivered the note in suit.  Stedman further alleged in his answer that at the time of the execution and delivery of said note and the purchase of said milling company's stock, that the said Sherman County Banking Company, by its president, Whaley, made an oral agreement with him, Stedman, that the sale of the milling company's stock should be rescinded and the notes given therefor canceled and surrendered to Stedman in case the profits and dividends declared upon the milling company's stock did not amount to thirty per cent per annum on the par value of the stock; that the original note given for said milling stock should be renewed at the expiration of six months until it should be ascertained what the profits of the milling company were,

and that the note sued on in this action was a renewal of the original note given for the purchase of said milling stock. Stedman further alleged that at the time of the renewal of the note Whaley stated that the earnings of the mill company had been put into a surplus fund for the purchase of wheat, and that no dividends on its stock had been declared by reason of this action by the milling company. The Rochester Loan & Banking Company had a verdict and judgment on the note, and Stedman prosecutes error proceedings here.

Only two points are argued in the brief of counsel for plaintiff in error.

1. The first argument is that the district court erred in instructing the jury to return a verdict for the Rochester Loan & Banking Company. The basis of this contention is that at the time the court so instructed there was evidence in the record which tended to show that the Rochester Loan & Banking Company had not purchased the note in suit in the ordinary course of business, for a valuable consideration before its maturity, without any notice of the defenses of Stedman thereto as against the original payee of the note. This contention cannot be sustained. We cannot take the time to quote the testimony, but the execution and delivery of the note by Stedman to the Sherman County Banking Company was admitted by him in his answer, and, as a part of its case in chief, the Rochester Loan & Banking Company proved that it purchased said note from the Sherman County Banking Company in the ordinary course of business before the maturity of the note; that it paid a valuable consideration for the note, something near the face of it; and that at the time it purchased it, it had no notice or knowledge whatever of any of the defenses which Stedman alleges against the note. The evidence given by Stedman not only did not disprove these facts, but it did not tend to disprove them or any of them.

2. The second argument assigned is that the district

court erred in excluding certain evidence offered by Stedman, which evidence, it is alleged, tended to prove that the note sued on was held in trust by the Sherman County Banking Company for Stedman and was negotiated in fraud of his rights. Stedman offered to prove that the note was not intended to be delivered to the Sherman County Banking Company to become its property, except upon the condition that the stock of the Roller Mill Company, for which the note was given, should yield a dividend of thirty per cent per annum. This is the offer of proof, the exclusion of which by the district court is here complained of. Stedman alleged in his answer that he assigned the milling company's stock to the Sherman County Banking Company as collateral security for the payment of the note in suit, and he also alleged that the sale of the stock to him was a conditional one, and that the title to such stock was not to vest in him unless the representations made as to the value of the stock and the earning capacity of the roller mill should prove to be true; but he did not allege in his answer any agreement on the part of the Sherman County Banking Company that it would hold such note in trust for him, Stedman. The offer of proof, then, made by Stedman was broader than his pleading, and, therefore, the district court did not err in excluding the evidence offered. The judgment of the district court is right and is

AFFIRMED.