### Edgar C. Smith v. John A. Thompson.

Filed February 4, 1903.   No. 12,609.

Commissioner's opinion, Department No. 2.

**Indorsee.** An indorsee of a negotiable instrument, who takes it before maturity in part payment of a preexisting debt, and credits it thereon, is a purchaser for value in the due course of business.

Error from the district court for Otoe county.   Action by indorsee in the nature of *indebitatus assumpsit,* upon one promissory note given for a policy of life insurance. Plea of fraud, and that indorsee was not a bona-fide holder without notice.   Reply in the nature of a specific traverse. Issue joined upon the affirmative defense.   Tried below before Jessen, J.   Judgment for defendant.   *Reversed.*

*Edwin F. Warren,* for plaintiff in error.

*L. F. Jackson, contra.*

Pound, C.

The plaintiff brought suit upon a promissory note given by defendant in payment of a premium upon a policy of life insurance.   Defendant pleaded that he made application for a certain form of policy and that the policy written did not conform to his application; that the application "was obtained by fraud and misrepresentation"; and that plaintiff was not a bona-fide holder for value, but took with notice of these defenses.   In reply, besides a general denial, plaintiff pleaded that he purchased the note before maturity, for value, and without notice of any defense.   At the trial, it was shown that the plaintiff took the note in part payment of a preexisting indebtedness of the payee, crediting it thereon and canceling the indebtedness in the amount of the note.   Plaintiff also adduced evidence tending to show that he did this in good faith, without notice of any defense.   There is nothing

Syllabus by court; catch-words by editor.

NEBRASKA REPORTS. [Vol. 67

in the record to the contrary, except as suspicion might arise from the relation of plaintiff to the company which issued the policy. The policy issued conforms to the written application signed by defendant, but he was allowed to show that according to the oral agreement between himself and the agent of the company who took the application, he was to get something quite different. Whether such evidence was admissible under his answer, we are inclined to doubt. We are much inclined to doubt, also, whether a verdict for the plaintiff should not have been directed. But we need not go into these matters, because of an obvious error in the instructions. It will have been noticed that the case was not unlike *Martin v. Johnston,* 34 Nebr., 797, and *First Nat. Bank of Cobleskill v. Pennington,* 57 Nebr., 404. If there was enough to go to the jury as to whether plaintiff was not a bona-fide holder, the jury should have been carefully and correctly instructed on that point. Plaintiff requested an instruction to the effect that giving the payee credit for the note upon an indebtedness then owing by the payee to the plaintiff and canceling such indebtedness to that extent, would be payment of value. The trial court refused this request and instructed the jury in general terms that a bona-fide holder must "buy" the note for a valuable consideration, in the regular course of business, before maturity. The instruction given is undoubtedly correct, and is well drawn. But under the evidence in this case, it needed the further explanation which plaintiff requested. An indorsee of a negotiable instrument, who takes it before maturity in part payment of a preexisting debt, and credits it thereon, is a purchaser for value in the due course of business. *Martin v. Johnston, supra; Struthers v. Kendall,* 41 Pa. St., 214, 80 Am. Dec., 610. The words "buy," "purchaser," and "regular course of business," in the instruction given, without any explanation, might well lead a jury to suppose that there must be a purchase and sale for cash or a present consideration; and so long as the court's attention was called to this matter by tender

of a proper request, we think some such instruction should have been given.   There is so little in the evidence to justify a holding adverse to the plaintiff on this issue that we are unable to say that the error was without prejudice.

We therefore recommend that the judgment be reversed, and the cause remanded for a new trial.

BARNES and OLDHAM, CC., concur.

By the Court:   For the reasons stated in the foregoing opinion, the judgment of the district court is reversed, and the cause is remanded for a new trial.

REVERSED AND REMANDED.