JOHNSON COUNTY SAVINGS BANK *v.* R. E. YARBROUGH.

[63 South. 275.]

BILLS OF EXCHANGE. *Endorsements. Defenses. Failure of consideration.*

The endorsee of a bill of exchange, transferred to him by proper endorsement, is presumed to be a *bona fide* holder for value, and where such bill of exchange is made payable beyond the limits of the state, in a suit by such endorsee against the acceptor thereof, a failure of consideration cannot be relied on as a defense since our anti commercial statute applies only to domestic bills of exchange and not to paper made payable beyond the limits of the state.

APPEAL from the circuit court of Newton county.

HON. C. L. DOBBS, Judge.

Suit by Johnson County Savings Bank against R. E. Yarbrough and others. From a judgment for defendant, plaintiff appeals.

The facts are sufficiently stated in the opinion of the court.

*N. M. Everett* and *J. D. Carr,* attorneys for appellant.

The record in this case is lost.

COOK, J., delivered the opinion of the court.

Appellant, plaintiff below, in its declaration declared on two acceptances of drafts drawn by the Providence Jewelry Company, of Rock Island, Illinois, on the Wickware Lumber Company, of Hickory, Mississippi, as follows:·

"Rock Island, Illinois, 6—17—1907.

$95.    Twelve months after date, pay to the order of Providence Jewelry Company, at its office in Rock Island, Illinois, without interest, ninety-five dollars; value received, and charge to account of

"PROVIDENCE JEWELRY COMPANY, per M.

"To WICKWARE LUMBER Co., Hickory, Miss."

Across the face of the drafts was written:

"Accepted.    Wickware Lumber Co."    And on the back of each were the following indorsements:

"Pay to the order of O. H. Brainard, Fin. Sec. Providence Jewelry Co., per T. O. Loveland."

"Pay to the order of Johnson County Savings Bank. O. H. Brainard, Fin. Sec."

We gather from the record that the defendant relied on a failure of consideration. It will be observed that the drafts are payable at the office of the drawer in Rock Island, Illinois, and are transferred to appellant by proper indorsement. Our anti-commercial statute applies only to domestic bills of exchange, and not to paper made pay-

able beyond the limits of the state.  *Harrison v. Pike Bros.*, 48 Miss. 46.  And by the indorsement plaintiff is presumed to be a *bona fide* holder for value.  *Craig* v. *City of Vicksburg*, 31 Miss. 216; *Harrison* v. *Pike Bros.*, supra.

The peremptory instruction requested by plaintiff should have been given.

*Reversed and remanded.*