First National Bank of Iowa City *v.* John McGrath & Sons Co.

[72 South. 701.]

1. Bills and Notes. *Conflict of laws. Holder in due course. Transfer as collateral security. Renewal of secured debt. Effect. Pleading.*

In a suit in this state on a promisory note made payable in Illinois, the anti-commercial statute of Mississippi cannot be invoked, but the law of Illinois, the place of payment, governs.

2. Bills and Notes. *Holder in due course. Transfer as collateral.*

It is the general law of the land where the negotiable instrument law is in effect that, where a note is assigned as collateral security for an indebtedness then made, the assignee becomes a holder for value of same, and the negotiable paper is thereby freed of any defenses existing as between the maker and the payee.

3. Same.

The fact that the original note has been renewed several times does not in any way alter the position of the assignee with reference to being a *bona fide* holder or purchaser for value of the collateral note.

4. Pleading. *Failure to demur. Directed verdict.*

In a suit on a note transferred as collateral security, where special matters were pleaded as defenses which could not be maintained because the note was payable in Illinois, the plaintiff could either demur to the special pleas or ask a peremptory instruction and he lost nothing in such case by failing to demur.

APPEAL from the circuit court of Madison county.

HON. LUTHER L. TYLER, Special Judge.

Suit by First National Bank of Iowa City against John McGrath & Sons Company. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Jas. R. McDowell,* for appellant.

I have always understood the law to be that while questions of law might be raised by demurrer, still if the facts as developed on the trial clearly did not bring one party to the suit within the law that a peremptory instruction was proper, and that the jury should be directed to find a verdict in such cases. Appellant did this on the trial in the lower court. As will be seen by the record, on page 25, a peremptory instruction for the plaintiff was requested and refused. It was there argued, and can be here argued, that the law merchant controls the negotiability of this paper since it is payable in another state where our anti-commercial statute cannot protect the equitable defenses of the maker, but the court went off upon the theory that since the paper was hypothecated as collateral for a loan which had been renewed from time to time that the plaintiff was not a *bona-fide* holder for value without notice in contemplation of law. This is a matter that we had a right to present to the court at any time. It is purely a matter of law which we did not waive by failing to demur.

The writer had in mind at the time he filed the declaration herein the case of *Johnson County Savings Bank* v. *Yarbrough,* (No. 16090) 63 So. 275, the original record of which had been examined, and references to which is now made. It will be seen that no demurrer was filed in that case, but it went to trial on the pleadings and evidence, and the court held that a peremptory instruction should have been given for the plaintiff. I copy the following from the opinion of the court:

"We gather from the record that the defendant relied on a failure of consideration. It will be observed that the drafts are payable at the office of drawer in Rock Island, Ill., and are transferred to appellant by proper endorsement. Our anti-commercial statute applies only to domestic bills of exchange, and not to paper made payable beyond the limits of the state. *Harrison* v. *Pike Bros.*, 48 Miss., 46. And by the endorsement plaintiff is presumed to be a *bona-fide* holder for value. *Craig* v. *City of Vicksburg*, 31 Miss. —; *Harrison* v. *Pike Bros.*, *supra*.

"The peremptory instruction requested by plaintiff should have been given."

In the case of *Cologero* v. *Cedar Rapids National Bank*, No. 14987, affirmed without written opinion, 55 So. 489, there was no demurrer, and the court granted a peremptory instruction to find for the plaintiff. See also the original records in the following cases: *Cedar Rapids National Bank* v. *Lundy*, 51 So. page 4, (14148) *Iowa City Bank* v. *Taylor*, No. 14119, 51 So. 1; *Barton Parker Mfg. Co.* v. *Walker & Norman*, No. 18161, not reported; *Boston-Porter* v. *Moore*, (18027), Decided June, 1916.

These last cases went off on other points but no question was ever raised about the effect of the anti-commercial statute under the laws of other states. No demurrers were filed, and certainly advantage would have been taken of failure to demur if it had been a law that the law merchant could not be raised except by demurrer.

Our court constantly tries cases under the laws of other states. Hardly a week passes that a suit on a note or a damage suit against a corporation is not tried in part upon statutes in force in other states which differ from our own.

The trial court is supposed to know the law and when he is requested under the law to grant a peremptory instruction his refusal so to do is certainly subject to review by this court, and this has always been the law.

In the case of *Moore et al.* v. *Johnson County Saving Bank*, 101 Miss., 868, 58 So. 646, cited by counsel, the

court held that the instrument was not negotiable and therefore under our anti-commercial statute equitable defenses could be availed of. It nowhere held that the law merchant could not be set up except by demurrer. An examination of the record (No. 15808) discloses the fact that no demurrer was filed. There the defendant won the case because the endorsement was not in blank so as to make the instrument negotiable, and the instrument sued on is not a note, but a draft on residents of this state.

In that case the court granted a peremptory instruction evidently upon the theory that the instrument was negotiable and the sole question, as will be seen by reference to page 7 of the brief of counsel for appellant in that case, is whether the law of Mississippi or the law of Iowa shall govern, and this question was not raised by demurrer but by the granting of a peremptory instruction by the court.

The case of *Anderson* v. *Maxwell,* 48 So. 227, is not at all in point for the reason that the case there was tried upon testimony and instructions, and when the case reached the supreme court the whole theory upon which the appellant tried the case was sought to be changed. I refer the court to the original record No. 13573.

In the case at bar the only question at issue is whether or not we may set up, by any other method than filing a demurrer, the statutes of another state, or if the law of another state must be called to the attention of the court by a request for a peremptory instruction after the facts have been developed.

The case of *Simmons* v. *Thomas,* 43 Miss. 31, is not in point because there the appellant was laboring under a disability which was not pleaded. In other words she could not sue in her own name, and yet the appellee recognized her right to sue by failing to plead her disability. The case at bar is different. A casual glance at the *Marshall case,* 41 Miss. distinguishes it. Appellee cites no other case from Mississippi.

Article IV, p. 1, of the Constitution of the United States provides that: "Full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state." Congress has enacted laws to make this provision effective and our own code contains the following provision: 1015. "When any question as to the law of the United States or of any state or territory of the United States or the District of Columbia, or of any foreign country, the court shall take notice of such law in the same manner as if the questions arose under the law of this state."

In the case of *Fauntleroy* v. *Lum,* 210 U. S. 230, the supreme court of the United States, reversing the supreme court of Mississippi, held that a judgment obtained in one state can be made the basis of a suit in another state, even though no cause of action would lie in the latter state.

I quote the following from the case of *Northern Pacific Ry. Co.* v. *Wall,* 241 U. S. 87, Vol. 1, Advance sheets, May 5, 1916, at page 91: "As this court has often held, the laws in force at the time and place of the making of a contract, and which affect its validity, performance and enforcement, enter into and form a part of it, as if they were expressly referred to or incorporated in its terms. *Van Hollman* v. *Quincy,* 4 Wall. 535, 550; *Walker* v. *Whitehead,* 16 Wall. 314, 317; *Edwards* v. *Kearzey,* 96 U. S. 595, 601." See also *Forepaugh* v. *Ry. Co.,* 5 L. R. A. 50, and Editor's notes.

Upon the question of the necessity of pleading and introducing in evidence the laws of other states, I quote the following from 5 Enc. of Evidence, p. 833: "Where by statutory provisions courts are bound to take judicial knowledge of the laws and reports of the decisions of other countries or states, the question of what the foreign law is, will be for the court and not for the jury."

Since our court must take judicial knowledge of the laws of other states, the only question for determination is whether we could bring this law to bear upon the case by a request for a peremptory intruction, and I

think the *Yarbrough case, supra,* settles that question in our favor.

It will not be disputed that a note, payable in another state is governed by the law of that state. A question of law may be raised by a request for an instruction as well as by demurrer. It is the duty of the court to pass upon the law of the case, and a request for a peremptory instruction searches the entire record. Its effect is the same as a demurrer. A verdict should be directed where the case involves only questions of law. 38 Cyc. 1565.

"Questions of law may of course be raised without a formal joining of issue, as by motion for non-suit, or by motion for a directed verdict or a motion for a judgment in the pleadings." *Schenck* v. *Union Pac. R. Co.,* 5 Wyo. 430, cited in 31 Cyc., page 671.

*E. B. Harrel,* for appellee.

Under the pleadings the rulings of the court below were manifestly correct. Having elected to make replication, appellant thus admitted the sufficiency of the pleas as a defense, if true, and put themselves upon the country as to the facts alleged by appellee's pleas. Having accepted an issue tendered by appellee, they could not object to testimony offered to sustain that issue however erroneous the issue may have been under the law. They should have challenged the sufficiency of the pleas by demurrer. In the case of *Anderson* v. *Maxwell,* 48 So. 227, the appellant sought a reversal on appeal, because incompetent issues were tried in the court below. It was said by the court, that it is too late to alter the scope of the issue or the course of the pleadings. In that case they failed to object to incompetent testimony and to instructions on an erroneous theory. In the case at bar the principal is the same. Appellant failed to object, by demurrer, to the pleas, and joined issue by putting themselves upon the country as to the facts alleged. Such joinder made the facts to sustain the issue, thus made, competent. The jury found for appellee under the

proof offered in support of the pleas; appellant cannot now complain of their own errors.

This court can review only such issues as are tendered by the pleadings. *McConey* v. *Wallace,* 22 Mo. App. 377; *Marshall* v. *Hamilton,* 41 Miss. 229; *Simmons* v. *Thomas,* 43 Miss. 31.

In the last named case at page 39, the court through Justice SIMRAL using the language of Lord BACON, said: ''A man shall never assign for error, that which he might have pleaded in abatement, for it shall be accounted his folly to neglect the time of taking that exception.

Appellants, for the first time, by the way of brief, introduced in this record, the laws and decisions of the states of Illinois and Iowa. This doctrine and this maxim can be invoked only by appropriate pleadings, followed by proof of the laws of the foreign jurisdiction. This court will not take judicial knowledge of the laws and decisions of other states. *Southern Express Co.* v. *Owen,* 146 Ala. 412; *Cubbiage* v. *Napier,* 62 Ala. 518; *Varner* v. *Young,* 56 Ala. 260.

The laws of Illinois and Iowa, relied upon by appellants, by way of brief, were not pleaded by them and were not offered in evidence in the court below, and no notice given to appellee that such laws would be a part of the issue, and cannot now be regarded as evidence here. See *Iowa Loan Etc. Co.* v. *Schnose,* 19 S. Dak. page 248, wherein the court said:

''The contention of the appellant that as the note and mortgage were executed in Iowa, and made payable there, the law of Iowa should govern, is untenable, for the reason that, so far as this record discloses, the law of Iowa was not pleaded or introduced in evidence on the trial; and hence this court must presume, for the purpose of this decision that the law of Iowa is identical with the law of this state upon the subject of the effect of extension in releasing Schnose from liability.'' Citing a number of cases. The Schnose case is identical with the case at bar; so, in the absence of pleadings and proof to the contrary, this court for the purpose of this decision, will

presume that the anticommercial statutes of Illinois (where the note was payable) is identical with the anticommercial statutes of Mississippi. See 5 Enc. of Evidence, Foreign Laws.

Sykes, J., delivered the opinion of the court.

This suit was brought in the circuit court of Madison county by the appellant, First National Bank of Iowa City, against John McGrath & Sons Co., Inc., for a balance of two hundred and fifty dollars and interest due by appellees upon the following note, viz.:

"No. 8827. Chicago, Illinois, July 16, 1909. For value received, the undersigned promises to pay at Chicago, Illinois, to the order of the Puritan Mfg. Co. five hundred dollars as follows: two hundred and fifty dollars January 1st after date, two hundred and fifty dollars August 15, 1910. A discount of six percent. will be given if the full amount of this instrument is paid at maturity of first installment. Nonpayment of any installment for more than thirty days after maturity renders remaining installments due at holder's option. John McGrath & Sons Company, James J. McGrath, Secretary & Treasurer."

Indorsed on back: "Pay First National Bank of Iowa City, Iowa, or order. Puritan Manufacturing Company, by M. H. Taylor, 1/22/10 pd. two hundred and fifty dollars."

The above note was given by the appellee to the Puritan Manufacturing Company, which is domiciled also at Iowa City, Iowa, for the purchase of a certain bill of goods consisting of jewelry. The first installment of two hundred and fifty dollars was paid, and this suit is for the second installment.

On September 9, 1909, the Puritan Manufacturing Company assigned this note to the appellant as part of some collateral security for a loan then made to the Puritan Manufacturing Company of one thousand dollars by the said appellant bank. This note of the Puritan Manu-

facturing Company to the bank for one thousand dollars has been renewed several times, but no part of it has ever been paid. After several requests for payment were made upon the appellee by the appellant, this suit was instituted. The defendant in the court below, appellee here, pleaded the general issue and gave notice under it that it would prove that the appellant bank was not the owner of the note herein sued on, and also that the entire transaction of the sale of the goods for which the note was given constituted fraud, deceit, and misrepresentation on the part of the agents of the Puritan Manufacturing Company. The defendant also pleaded specially a failure of consideration, in that the goods were worthless and did not come up to the contract. Issue, in short, was joined on the special plea. At the trial the appellant introduced in evidence the note and showed by depositions that the bank was the *bona-fide* holder of same as collateral security for its unpaid debt of one thousand dollars due it by the Puritan Manufacturing Company. The appellee, defendant in the court below, over the objection of the appellant, plaintiff in the court below, was allowed to prove that the goods were not the kind ordered by him and were billed to him at a different price from that stated in the contract of purchase. At the conclusion of the testimony, the plaintiff asked a peremptory instruction, which was denied by the court below. In this we think the lower court erred. The note was payable in the city of Chicago, Ill., and for that reason the anti-commercial statute of Mississippi cannot be invoked, but the law of Illinois, the place of payment, governs. *Emanuel* v. *White,* 34 Miss. 56, 69 Am. Dec. 385; *Johnson County Savings Bank* v. *Yarbrough,* 106 Miss. 79, 63 So. 275; *Harrison* v. *Pike,* 48 Miss. 46.

The state of Illinois some years ago adopted the uniform negotiable instruments law which was adopted in Mississippi this year. This case is practically on all fours with that of *Johnson County Savings Bank* v. *Yarbrough,* above cited. It is the general law of the land

where the negotiable instruments law is in effect that, where a note is assigned as collateral security for an indebtedness than made, the assignee becomes a holder for value of same, and the negotiable paper is thereby freed of any defenses existing as between the maker and the payee. 7 Cyc. 930. The fact that the original note of the Puritan Manufacturing Company to the Bank of Iowa City has been renewed several times does not in any way alter the position of the bank with reference to being a *bona-fide* holder or purchaser for value of the note here sued on. 7 Cyc. 877 and 879; *Mix* v. *Bank,* 91 Ill. 20, 33 Am. Rep. 44; *Cansler* v. *Sallis et al.,* 54 Miss. 446.

It therefore follows that the defenses interposed in this case are not maintainable against the appellant.

It is insisted by the appellee that the appellant should have taken advantage of these defenses by a demurrer to the special plea and notice, instead of by a motion for a peremptory instruction. The plaintiff in the court below had the right to do either or both as he desired, and he lost nothing by failing to demur.

<em>Reversed and remanded.</em>