GEORGE H. GILLAND, APPELLEE, v. HOMER HONEYWELL, APPELLANT.

FILED DECEMBER 26, 1918. No. 20137.

1. **Bills and Notes:** RENEWAL: DISCHARGE OF OBLIGATION. "A note taken for a pre-existing debt or as a renewal of another note is not a payment or discharge of the debt, unless by express agreement it is accepted as such payment or discharge." *Harvey v. First Nat. Bank*, 56 Neb. 320, followed.

2. ———: ———. Nor will the fact that the renewal note was not signed by the original maker, a corporation, but by its successor, a corporation, which took over its business and assets and assumed its liabilities, make any difference in the absence of such agreement.

3. ———: ———: PAYMENT. "Whether it is payment or not is to be determined from the intention of the parties as shown by the acts, facts, and circumstances accompanying and attendant upon the transaction in question." *Harvey v. First Nat. Bank*, 56 Neb. 320.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Affirmed.*

*Strode & Beghtol,* for appellant.

*Burkett, Wilson & Brown, contra.*

CORNISH, J.

On June 1, 1908, plaintiff loaned the La Prele Ditch & Reservoir Company $12,000, taking as collateral the notes sued on and others. On February 1, 1912, the North Platte Valley Irrigation Company which had taken over the business and the assets of the La Prele Company, assuming its liabilities, made payments upon the note, reduced the amount due to $6,023.68, and gave its renewal note to the plaintiff for that amount; the plaintiff surrendering to it the old note and part of the collateral and retaining part. From a judgment against the defendant as maker of four of the collateral notes, above mentioned, given to the La Prele Company, he appeals. The jury found that the plaintiff was holder of the collateral in good faith and without notice of defendant's claim that the notes were without consideration.

Defendant contended, and requested instructions accordingly, which were refused, that the transaction of 1912 amounted to a discharge of the La Prele Company's obligation and released the collateral, or constituted a repledging of the collateral notes, so that, as to the notes maturing before February 1, 1912, plaintiff could not under the negotiable instrument act be an innocent purchaser. Primarily, the question is: What was the contract betwen the two companies? What did they intend and agree to? Defendant, not being a party to the agreement, could have no greater rights than the La Prele Company would have. It is no doubt true that, if in the transaction of 1912 the parties intended a payment and discharge of the original debt, then its effect would be to release the collateral and entitle the pledgor to its return.

We held in *Harvey v. First Nat. Bank,* 56 Neb. 320: "A note taken for a preexisting debt or as a renewal of

another note is not a payment or discharge of the debt, unless by express agreement it is accepted as such payment or discharge." Here there is no evidence of such agreement, but the contrary. No new consideration was paid, and plaintiff retained and was permitted to retain part of his collateral security.

Nor should the fact that the renewal note was given by the new company be permitted to impair the plaintiff's rights. The new company stood for and was the old company. No repledging of the collateral was necessary. The plaintiff had a right to hold the collateral until the debt, which it was pledged to secure, was finally discharged. It was pledged to secure the indebtedness, rather than any particular evidence of it. In the absence of an agreement to the contrary, the taking of the new note, signed by the maker or his successor, is only the taking of new evidence of the old indebtedness. *Young v. Hibbs,* 5 Neb. 433; *First Nat. Bank v. McGrath & Sons Co.,* 111 Miss. 872; 7 Cyc. 877; *Pinney v. Kimpton,* 46 Vt. 80; *Housum v. Rogers,* 40 Pa. St. 190.

The renewal note was signed by the company's treasurer. The defendant, without having pleaded it as a defense, suggests that the record does not show the treasurer's authority. We do not think this question was in issue. The evidence, however, does show that the new company received the benefits of the note, has knowingly retained the proceeds, and acquiesced in it as its obligation. It would be estopped to deny that the note was its obligation. *Willow Springs Irrigation District v. Wilson,* 74 Neb. 269; *Barber v. Stromberg-Carlson Telephone Mfg. Co.,* 81 Neb. 517; *Second Nat. Bank v. Snoqualmie Trust Co.,* 83 Neb. 645.

Affirmed.

Letton and Rose, JJ., not sitting.